878 So.2d 595 (2004)
Linda FRITH
v.
RIVERWOOD, INC.
No. 2003 CA 1340.
Court of Appeal of Louisiana, First Circuit.
April 2, 2004.
Writ Granted July 2, 2004.
*597 Mark Zimmerman, Lake Charles, Counsel for Appellee Linda Frith.
Lawrence B. Frieman, Metairie, Counsel for Appellant Riverwood, Inc.
Before: PETTIGREW, DOWNING and McCLENDON, JJ.
DOWNING, J.
This appeal arises out of a workers' compensation suit. The employer presented the following issues for review: (1) whether the workers' compensation judge (WCJ) erred in finding that the employer was not entitled to a credit against the supplemental earning benefit (SEB) obligation for the total number of weeks it paid temporary total disability (TTD) benefits; (2) whether the WCJ erred in finding it arbitrary and capricious for the employer to terminate benefits after paying in excess of 520 weeks of TTD benefits; (3) whether the WCJ erred in ordering the employer to provide prompt rehabilitation services; and (4) whether fibromyalgia was compensable. The employee answered the appeal assigning error to the WCJ's holding that she did not prove a permanent and total disability (PTD). The employee also requested additional attorney fees for this appeal. For the following reasons, we reverse in part, affirm in part, and remand.

FACTS
Linda Frith incurred an on-the-job back injury on March 17, 1989, while working for Riverwood, Inc., as a forklift operator. Riverwood began immediately paying her a weekly benefit. Frith had two back surgeries in 1999, after nearly ten years of treatment. On June 30, 2000, her physician sent a letter to the claims adjuster, stating that Frith had "significant permanent restrictions as far as work activities," and that "I think she could resume some form of work activity if these restrictions are met."
After receiving this letter, Riverwood terminated Frith's $267.00 weekly benefit on July 17, 2000, having paid her for 535 weeks. On August 30, 2000, Frith filed a claim form disputing the termination of benefits. The matter was tried December 16, 2002. On February 25, 2003, the WCJ held that Frith failed to meet her burden of proof for PTD or TTD benefits, but held that she did prove her entitlement to SEB from July 17, 2000 forward in accordance with the law. The WCJ further ruled that Frith had received SEB from April 1998 through May 1999 (52 weeks), and from April 10, 2000 through July 17, 2000 (24 weeks). The WCJ also ruled that Riverwood was not entitled to a credit for any TTD benefit it paid against its SEB obligation. The WCJ found that the medical treatment rendered by Dr. Manuel Calvin was compensable except where it was *598 solely related to inflammatory arthritis, high cholesterol, and colitis. The WCJ ordered Riverwood to provide prompt rehabilitation services and ordered Frith to comply with those services. It also found Riverwood arbitrary and capricious and without probable cause for terminating Frith's benefits and awarded her $7,500.00 in attorney fees.

DISCUSSION

Credit Entitlement
Riverwood's first assignment of error alleges that the trial court erred in finding that it was not entitled to a credit for the TTD benefits paid after January 1, 1990, against its SEB obligation.
Louisiana Revised Statute 23:1221(3)(d)(ii) provides:
After receipt of a maximum of five hundred twenty weeks of benefits, provided that for any week during which the employee is paid any compensation under this Paragraph, the employer shall be entitled to a reduction of one full week of compensation against the maximum number of weeks for which compensation is payable under the Paragraph.
Louisiana Revised Statute 23:1223[1] provides:
Deduction from benefits
A. Except as provided in R.S. 23:1221(4)(s), when compensation has been paid under R.S. 23:1221(1), (2), or (3), the amount of such payment shall be deducted from any compensation allowed under R.S. 23:1221(4) or Subpart C of this Part.
B. Except as provided in R.S. 23:1221(4)(s), when compensation has been paid under R.S. 23:1221(1), (2), or (4), the amount of such payment shall be deducted from any compensation allowed under R.S. 23:1221(3) or Subpart C of this Part.
The Louisiana Supreme Court in Thibodeaux v. Diamond M. Drilling Co., 93-2963 (La.2/25/94), 632 So.2d 736, ruled that retroactive application of La.R.S. 23:1223 is impermissible and that the employer has no right to a reduction of benefits because no such reduction was authorized at the time of plaintiff's injury. Riverwood argues that this holding only addresses the retroactivity of La.R.S. 23:1223 and not whether TTD payments paid after the January 1, 1990 effective date can be credited against the employer's SEB payments. We agree with Riverwood that Thibodeaux only addressed the retroactivity of La.R.S. 23:1223 and did not address the prospective application of the statute.
It is undisputed that the La.R.S. 23:1223 "credit" would apply had the injury occurred after the effective date of the amendment.[2] Thus, the issue before us is whether the employer is entitled to receive a credit for benefits paid after the 1990 effective date where the employee's injury occurred before the 1990 effective date. The First Circuit has not addressed this issue, and the decisions rendered in other circuits are split.
Riverwood urges this Court to follow the Fourth Circuit's decision in Fallen v. New Orleans Police Dept., 97-0022 (La.App. 4 Cir. 7/23/97), 697 So.2d 1077, which followed Cline v. St. Jude Medical Center, Inc., 619 So.2d 712 (La.App. 4 Cir.1993), *599 where a credit was allowed for TTD payments that the employee received after the effective date of the statute. In allowing the credit, the court reasoned that those benefits had not become due until after the amendment became effective. Cline 619 So.2d at 716.
Frith, however, disagrees and asserts that we should follow the Third Circuit's en banc decision of Burge v. Louisiana Ins. Guar. Assn., 02-33 (La.App. 3 Cir. 5/15/02), 819 So.2d 1098, writ denied 02-2209 (La.11/15/02), 829 So.2d 427. Relying on Thibodeaux, the Burge court held that the employer was not entitled to a credit for payments paid after January 1, 1990, because La.R.S. 23:1223(B) was not in effect on the date of the employee's injury. Burge, 02-33 at p. 4, 819 So.2d at 1100.
In workers' compensation cases, generally, the law governing an action for benefits is the law in effect at the time of the injury. Bruno v. Harbert Intern. Inc., 593 So.2d 357, 360 (La.1992). Frith's injury occurred on March 17, 1989, before the 1990 effective date of the amendment.
However, in Resweber v. Haroil Constr. Co., 94-2708, 94-2708 p. 3 (La.9/5/95), 660 So.2d 7, 10, the Supreme Court made it clear that the general rule applies when the court is deciding fundamental matters such as what constitutes an "accident" or what injuries are compensable. Id. In related matters such as this, however, it is the "triggering mechanism," and not the "date of the accident," that determines which version of a workers' compensation statute controls. Id. In Resweber, the Court explained that the general rule is not intended to apply to a statute that is triggered by post-accident acts. In particular, the statute in Resweber called for a forfeiture penalty triggered by post-accident misrepresentations. Similarly, the TTD benefit coming due on a weekly basis is the trigger for the credit. See Cline, 619 So.2d at 716. These benefits come due subsequent to the effective date of the statute and are therefore subject to the credit. We, therefore, agree that the Fourth Circuit's opinion in Cline is a correct expression of the law. As explained in Cline, because weekly compensation benefits for TTD are dependent on the disability continuing, and benefits technically become due only upon the continued existence of that disability week to week, any amounts the claimant receives for TTD after the effective date of the 1990 amendment should be subject to the credit. Id. at 716. While the Third Circuit relied on the general rule governing an action for benefits, it apparently failed to recognize the full implication of the Supreme Court's later decision in Resweber.
We note that the Supreme Court has instructed us to conduct a de novo review and enter judgment if the record is complete and if we can determine a proper disposition. Evans v. Lungrin, 97-0541, 97-0577, pp. 6-7 (La.2/6/98), 708 So.2d 731, 735. The record before us however, does not contain the necessary information for calculation of the proper credit. We, therefore, reverse that portion of the judgment disallowing the credit and remand the matter for the WCJ to take evidence and render a judgment regarding the proper amount of credit due to Riverwood.

Vocational Rehabilitation Services
Louisiana Revised Statute 23:1226(A) provides as follows:
When an employee has suffered an injury covered by this Chapter which precludes the employee from earning wages equal to wages earned prior to the injury, the employee shall be entitled to prompt rehabilitation services. (Emphasis added.)
Louisiana Revised Statute 23:1226(B)(3) provides as follows:

*600 (a) The employer shall be responsible for the selection of a vocational counselor to evaluate and assist the employee in his job placement or vocational training. Should the employer refuse to provide these services, or a dispute arises concerning the work of the vocational counselor, the employee may file a claim with the office to review the need for such services or the quality of services being provided in the same manner as established for dispute resolution of claims for workers' compensation benefits.
(c) The expedited procedure shall also be made available to the employer to require the employee's cooperation in the rehabilitation process and to order the fifty percent reduction in weekly compensation, including supplemental earnings benefits for each week of the period of noncooperation as provided in subsection F of this Section.
The judgment before us ordered Riverwood to provide prompt rehabilitation services in accordance with the applicable law at the time of the accident. The judgment also ordered Frith to cooperate with the rehabilitation effort. Riverwood asserts that the trial court erred in entering this order when Frith never sought rehabilitative services and when the services will likely place her in a worse financial position.
This argument, however, seems to misstate Frith's position. Frith's testimony clearly indicates that she does desire to exercise these services. Therefore, the issue was before the WCJ.
Louisiana Revised Statute 23:1226(A) gives the employee an entitlement to prompt rehabilitation services in appropriate cases, and La.R.S. 23:1226(B)(3)(a) gives the employee the mechanism to enforce this entitlement should the employer fail to provide these services. Conversely La.R.S. 23:1226(B)(3)(c) provides the procedure for the employer to provide for the employee's cooperation in these rehabilitation services once the employee elects to utilize these services.
Under these facts and applicable law, the WCJ did not err in ordering the rehabilitation services and Frith's cooperation with these services. Thus, this assignment of error is without merit.

Attorney Fee Award
Riverwood's second assignment of error alleges that the WCJ erred in assessing $7,500.00 in attorney fees for terminating Frith's benefits.
Attorney fee awards in workers' compensation cases are penal in nature and imposed to discourage indifference and undesirable conduct by employers and insurers. Williams v. Rush Masonry, Inc., 98-2271, p. 8 (La.6/29/99), 737 So.2d 41, 46. Although the Workers' Compensation Act is to be liberally construed in regard to benefits, penal statutes are to be strictly construed. Id. 98-2271 at p. 9, 737 So.2d at 46. The crucial inquiry is whether the employer can articulate an objective reason for discontinuing benefits at the time it took that action. Id.
The WCJ stated two reasons for assessing Riverwood with attorney fees. First, it found Riverwood was arbitrary and capricious for terminating benefits before having vocational rehabilitation conduct testing to evaluate Frith's work capacity.
Vocational rehabilitation is a right of the employee. La.R.S. 23:1226(A). No evidence in the record shows that Frith specifically requested these services, although it is now clear she desires them. Riverwood articulated an objective reason for not requesting vocational rehabilitation by acknowledging that its intention was "to protect the claimant's continued receipt of *601 disability retirement benefits from Riverwood." We agree with Riverwood that the WCJ erred in assessing it with an attorney fee penalty for this reason.
Secondly, the WCJ found Riverwood was arbitrary and capricious for terminating Frith's benefits by relying on unsettled case law regarding the credit issue after paying benefits for over 520 weeks.
Riverwood commenced paying compensation and medical benefits in 1989, at the time Frith made a request for benefits, and continued to pay until July 17, 2000. Riverwood acknowledged that it "made a decision to pay the claimant her full workers' compensation benefits" before terminating the obligation. As discussed above, we agree with Riverwood regarding the credit. Moreover, on July 17, 2000, the date Riverwood terminated Frith's benefits, it cannot be said that the case law was unsettled because the Fourth Circuit Court had been allowing the credit since 1993, consistent with the 1995 Supreme Court opinion in Resweber, and the Third Circuit Court had not yet rendered its Burge decision. Riverwood articulated that after paying Frith for 535 weeks, it received a letter from Frith's physician releasing her for light duty employment. Riverwood's claim agent, Helen Duke, advised them of the credit available pursuant to the statute. The WCJ erred in not finding that this was an objective reason for discontinuing workers' compensation benefits. Thus, this assignment of error has merit. We reverse the assessment of attorney fees.

Compensability of Fibromyalgia
Riverwood's fourth assignment of error alleges that the WCJ erred by allowing Frith to include the compensability of fibromyalgia as an issue for trial, when this malady was not specifically pled in the petition or in the pretrial order and when Riverwood had never denied payment for the treatment or disputed compensability.
Petitions in workers' compensation suits must be liberally construed, and all doubts arising by reason of inadequacy or insufficient details must be resolved in favor of the claimant if the employer has been adequately apprised by petition of a legal claim against him. Bassemier v. W.S. Young Constr. Co., 110 So.2d 766, 768-769 (La.App. 1 Cir.1959).
Dr. Manuel Calvin, a board-certified rheumatologist, has been Frith's physician since 1993. Dr. Calvin testified in deposition that Frith had fibromyalgia-like symptoms when she began seeing him in 1993. Dr. Calvin testified that fibromyalgia is a controversial disease that is often triggered by a traumatic event. He believed that this was the case of Frith's symptoms.
Riverwood has had full access to all of Frith's medical records and has, in fact, authorized her treatment by Dr. Calvin. There was substantial evidence that fibromyalgia is a common consequence of a traumatic event and often associated with arthritic and neurological conditions. Thus, Riverwood was adequately apprised of Frith's allegations of fibromyalgia. This assignment of error is without merit.

ANSWER TO APPEAL
Frith answered the appeal, alleging that the WCJ erred in failing to find that she is permanently and totally disabled, or in the alternative, that she is temporary total disabled.

Permanent and Total Disability
To be entitled to PTD benefits, the employee/claimant must prove that he is physically unable to engage in any employment, regardless of the nature or character of the employment. La.R.S. 23:1221(2). This must be proven by clear *602 and convincing evidence, unaided by any presumption of disability. La.R.S. 23:1221(2)(c). The WCJ found that Frith failed to meet her burden for PTD or TTD. The finding of disability within the framework of the workers' compensation law is a legal rather than a purely medical determination. Severio v. J.E. Merit Constructors, Inc., 02-0359, p. 7 (La.App. 1 Cir. 2/14/03), 845 So.2d 465, 469. Therefore, the question of disability must be determined by reference to the totality of the evidence, including both lay and medical testimony. Id.
In this case, Frith's physician stated that she could return to sedentary employment. Frith produced no medical evidence showing she was unable to work in any capacity, regardless of the nature or character of the work. Neither has she produced a current vocational rehabilitation evaluation.
Frith cited several cases where the employee was found unable to return to their former employment or to be retrained for any other employment. See Comeaux v. City of Crowley, 01-0032 (La.7/3/01), 793 So.2d 1215, and Severio v. J.E. Merit Constructors, Inc., 02-0359 (La.App. 1 Cir. 2/14/03), 845 So.2d 465. These cases are not on point, however. Unlike Frith's situation, the employees in the cited cases were uneducated manual laborers lacking the intellectual ability to learn new trades or to perform non-physically demanding jobs. Here, Frith is well educated and does not show a lack of ability to learn new trades. We conclude that there is no error in the WCJ determination that she was not permanently and totally disabled. This assignment of error is without merit.

Temporary Total Disability
Alternatively, Frith argues that she should be allowed to continue TTD by virtue of the "odd-lot doctrine," the law in effect at the time of the injury by which courts were permitted to make disability determinations in light of the claimant's physical condition, mental capacity, education, training, age and other factors. See Coates v. Byrd Constr. Services, Inc., 94-2989, p. 1 (La.2/9/95) 650 So.2d 237. Basically, Frith cites Netherton Co. v. Scott, 34,521, p. 4 (La.App. 2 Cir. 4/6/01), 784 So.2d 772, 775, which held that the employee will be considered TTD when he cannot perform any services other than those that are so limited in quality, dependability, or quantity that a reasonably stable market for those services do not exist.
In this case, Frith is a fifty-year old, college-educated woman who has been released by her doctors to return to some sort of employment. She has presented no evidence showing she has tried to return to the workforce or shown that no employment is available to her. Therefore, she has not proven that she qualifies for the "odd lot doctrine" or her entitlement to continued TTD benefits. This assignment of error is without merit.

Additional Attorney Fees for Appeal
In her answer to appeal, Frith also requested additional attorney fees for defending this appeal. However, Riverwood obtained relief on appeal. Thus, Ms. Frith is not entitled to additional attorney fees on appeal. See Insurance Co. of North America v. Labit, 99-2448, 99-2449 p. 7 (La.App. 1 Cir. 11/15/00), 772 So.2d 385, 389.

DECREE
For the above reasons, we reverse the judgment disallowing Riverwood, Inc. a credit for the temporary total disability benefits it paid to Linda Frith after January 1, 1990, and remand the matter for a credit calculation. We also reverse the judgment assessing Riverwood, Inc. with *603 $7,500.00 in attorney fees for the arbitrary and capricious termination of Linda Frith's workers' compensation benefits. We affirm the decree ordering Riverwood, Inc. to provide Linda Frith with rehabilitative services. We affirm the judgment allowing Linda Frith to include the compensability of fibromyalgia as an issue for trial. We also affirm the judgment finding that Linda Frith was not permanently and totally disabled or in the alternative, temporarily totally disabled.
Further, we deny Linda Frith's request for additional attorney fees for work on this appeal.
Costs of this appeal are assessed to Riverwood, Inc.
REVERSED IN PART, AFFIRMED IN PART AND REMANDED.
PETTIGREW, J., dissents, and assigns reasons.
PETTIGREW, J., dissenting.
I must respectfully dissent from the majority. I would affirm the trial court judgment. See Thibodeaux v. Diamond M Drilling Co., 93-2963 (La.2/25/94), 632 So.2d 736 and Burge v. Louisiana Ins. Guar. Assn., 2002-33 (La.App. 3 Cir. 5/15/02), 819 So.2d 1098, writ denied, 2002-2209 (La.11/15/02), 829 So.2d 427, holding that the employer was not entitled to a credit for payments paid after January 1, 1990, because La. R.S. 23:1223(B) was not in effect on the day of the employee's injury.
NOTES
[1] This statute was amended by La. Acts 1999, No. 126 § 1 and the language was changed.
[2] Cf. Jacks v. Banister Pipelines America, 418 So.2d 524 (La.1982), and Ambrose v. Fluor Constructors, Inc., 537 So.2d 1176 (La.App. 4 Cir.1988), for historical context regarding this issue.