892 So.2d 609 (2004)
Wilda HAND
v.
The CITY OF NEW ORLEANS (Health Dept.).
No. 2004-CA-0845.
Court of Appeal of Louisiana, Fourth Circuit.
December 22, 2004.
*610 Frank A. Bruno, New Orleans, LA, for Plaintiff/Appellant.
Roger A. Javier, Courtenay, Hunter & Fontana, L.L.P., New Orleans, LA, for Defendant/Appellee.
(Court composed of Judge PATRICIA RIVET MURRAY, Judge JAMES F. McKAY, III, and Judge DENNIS R. BAGNERIS, SR.).
DENNIS R. BAGNERIS, SR., Judge.
This is a workers' compensation case arising out of an alleged accident occurring on July 26, 1989. The employee, Wilda Hand, appeals from a workers' compensation hearing officer's decision denying her benefits for permanent and total disability. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
The plaintiff, Wilda Hand, was born on January 4, 1941. She began employment with the City of New Orleans ("the City") as a public health nurse in 1974, and worked as a supervisor at the Ida Hymel Medical Health Center until July 1989. On July 26, 1989, she sustained a work-related injury to her back while lifting a box of samples. As a result of the accident, Ms. Hand underwent three back surgeries by Dr. Claude Williams, her treating orthopedic surgeon.[1] The City paid workers' compensation supplemental earnings benefits to Ms. Hand for 520 weeks. After the City suspended the supplemental earnings benefits on May 21, 2002, Ms. Hand filed this disputed claim for workers' compensation.
Following a one-day trial, the trial court issued a judgment, signed on November 5, 2003, in favor of the City ordering that: (1) Ms. Hand is not permanent and totally disabled; (2) Ms. Hand is not entitled to psychiatric treatment due to this workers' compensation claim; (3) Ms. Hand is not entitled to any additional indemnity benefits from the date of indemnity termination; and (4) the case be dismissed with each party to bear its own costs. However, on December 18, 2003, the court granted Ms. Hand's motion for a *611 new trial, which was limited to argument through written memoranda. Following a second review of the trial court record and post-trial memoranda, the hearing officer vacated the November 5, 2003 judgment and rendered a second judgment, signed on February 13, 2004, in favor of the City except for providing that Ms. Hand is entitled to "reasonable and necessary psychiatric treatment due to the workers' compensation accident of July 26, 1989." Specifically, the February 13, 2004 judgment provides:
1. Claimant Wilda Hand IS NOT permanently and totally disabled; and (emphasis in judgment)
2. Due to chronic pain from four back surgeries, claimant Wilda Hand can not be retrained to perform any job pursuant to La. R.S. 23:1226D; and
3. Claimant Wilda Hand IS entitled to reasonable and necessary psychiatric treatment due to the workers' compensation accident of July 26, 1989; and (emphasis in judgment)
4. Claimant Wilda Hand IS NOT entitled to indemnity benefits for permanent and total disability; and (emphasis in judgment)
5. Defendant City of New Orleans IS assessed all costs, including depositions; and (emphasis in judgment)
6. Defendant City of New Orleans DID reasonably controvert this claim and therefore is NOT assessed any penalties nor attorney fees. (emphasis in judgment)
The hearing officer attached reasons to the February 13, 2004 final judgment, which states in part:
Claimant contends that she is permanently and totally disabled due to pain. Specifically, claimant claims that she can not work even in pain. Claimant is undisputedly at MMI [maximum medical improvement]. Defendant provided a failed attempt at vocational rehabilitation years ago.
Claimant is an educated woman who was previously employed as a nurse. Claimant's treating doctor, Dr. C. Williams disabled her from ever returning to work as a nurse. Defendant does not dispute that claimant can not return to work as a nurse.
An FCE in 1992 showed that claimant could only do sedentary work with no lifting over ten (10) pounds.
In 1996, claimant had an angioplasty.
In 2002, Dr. Williams opined claimant IS permanently and totally disabled based on all of claimant's physical problems.
Defendant's Dr. Keppel opined that claimant is capable of sedentary work but no lifting over ten (10) pounds and no sitting for over thirty (30) minutes duration.
The state appointed IME, Dr. Monroe Laborde opined that objectively claimant is capable of light sedentary work but is "probably unemployable."
Claimant testified that she could perform some work but is unable to do so because of chronic and severe pain.
In Comeaux v. City of Crowley, 793 So.2d 1215 (La.2001) the court dealt with the issue of whether other factors besides purely physical limitations should be considered in determining status as permanently and totally disabled. And, whether the injured employee could reasonably be given training or education that would raise him to an employable status.
Here, the claimant is highly intelligent and already well educated. The only limitation to employment is severe chronic pain. Claimant admits that but for pain she could work.

*612 Defendant provided vocational rehabilitation which failed and which is undisputed.
Claimant can NOT be retrained to perform any job pursuant to La. R.S. 23:1226 D. The chronic severe pain of claimant after four (4) surgeries prevents claimant from doing any job tasks that would rise to the level required by even the most lenient employer.
Here, claimant has permanent and totally disabling physical limitations caused by severe and chronic pain coupled with objective limitations caused by the accident.
This claimant has proven by clear and convincing evidence that she is unable to work due to pain.
However, claimant states [sic] of being permanently and totally disabled due to chronic pain does not meet the requirements of "physical" disability under La. R.S. 23:1221(2).
On February 19, 2004, Ms. Hand appealed, seeking review of the hearing officer's judgment, which found that she was not permanently and totally disabled due to chronic pain. The record was lodged on May 21, 2004. The return date for this appeal was set for May 27, 2004. On June 16, 2004, the City filed a motion for leave to file an answer, as well as an answer to the appeal, seeking reversal in part of the hearing officer's judgment, which provides that Ms. Hand is entitled to "reasonable and necessary psychiatric treatment due to the workers' compensation accident of July 26, 1989." On November 18, 2004, this Court denied the City's Motion for Leave of Court to File an Answer because the answer was untimely.
In her sole assignment of error, Ms. Hand contends the hearing officer erred in finding that she was not permanently and totally disabled due to chronic pain. Ms. Hand contends that the appropriate standard of review is de novo because the hearing officer made an error of law when she found the permanent and total disability statute, La. R.S. 23:1221.2, does not allow a claimant a remedy when the disability is mostly due to pain.
In rebuttal, the City argues that the standard of review is manifest error and thus, as long as there is a reasonable factual basis in the record to support the finding that Ms. Hand is not permanently and totally disabled, then the hearing officer's judgment should be upheld. Further, the City argues that the hearing officer committed manifest error in finding that Ms. Hand's past psychiatric/psychological treatment was due to the workers' compensation accident of July 29, 1989. However, in view of the untimely answer, we are precluded from considering the issue raised by the City in its brief regarding Ms. Hand's past psychiatric/psychological treatment.

STANDARD OF REVIEW
The interpretation of a statute, as in this case, is a question of law. Thus, this Court is to determine, through a de novo review, whether the trial court's ruling was legally correct or incorrect. Delacroix Corp. v. Perez, 1998-2447, p. 4 (La.App. 4 Cir. 11/8/00), 794 So.2d 862, 865. Where the trial court's decision is based on an erroneous interpretation or application of law, rather than a valid exercise of discretion, such an incorrect decision is not entitled to deference by the reviewing court. Id. (citing Kem Search, Inc. v. Sheffield, 434 So.2d 1067, 1071-1072 (La.1983)).

DISCUSSION
Legislation is the solemn expression of legislative will and, therefore, the interpretation of legislation is primarily the search for the legislative intent. See *613 In re Succession of Boyter, 99-0761, p. 9 (La.1/7/00), 756 So.2d 1122, 1128 (citing Cat's Meow, Inc. v. City of New Orleans Through Dept. of Fin., 98-0601 (La.10/20/98), 720 So.2d 1186.) When a law is clear and unambiguous and its application does not lead to absurd consequences, it shall be applied as written and no further interpretation may be made in search of legislative intent. Boyter, 99-0761 at p. 9, 756 So.2d at 1128-29. However, if a statute is ambiguous or susceptible of more than one reasonable interpretation, statutory construction is necessary. Touchard v. Williams, 617 So.2d 885, 888 (La.1993). The starting point for the interpretation of any statute is the language of the statute itself, while being mindful that the paramount consideration for statutory interpretation is always the ascertainment of the legislative intent and the reason or reasons which prompted the legislature to enact the law. Boyter, 99-0761 at p. 10, 756 So.2d at 1129; Touchard, 617 So.2d at 888.
The definition of total and permanent disability is found in La. R.S. 23:1221(2). At the time of Ms. Hand's injury, July 26, 1989, the version of that statute in effect was as follows:
For purposes of Subparagraph (2)(a) of this Paragraph, whenever the employee is not engaged in any employment or self-employment as described in Subparagraph (2)(b) of this Paragraph, compensation for permanent total disability shall be awarded only if the employee proves by clear and convincing evidence, unaided by any presumption of disability, that the employee is physically unable to engage in any employment or self-employment, regardless of the nature or character of the employment or self-employment, including, but not limited to, any and all odd-lot employment, sheltered employment, or employment while working in any pain, notwithstanding the location or availability of any such employment or self-employment. (Emphasis added)
La. R.S.23:1221(2)(c).
We find the meaning of La.R.S. 23:1221(2)(c) to be clear and unambiguous. La. R.S. 23:1221(2)(c) requires that the employee prove that he/she is physically unable to engage in any employment or self-employment, including employment while working in pain. Jurisprudence has also found that, following the 1983 amendments to the workers' compensation statute, evidence that an employee can not return to any gainful employment without suffering substantial pain is no longer sufficient to support an award of permanent total disability benefits. See Gardache v. City of New Orleans, XXXX-XXXX (La.App. 4 Cir. 3/31/04) 874 So.2d 247, writ denied, XXXX-XXXX (La.6/18/04), 876 So.2d 812 (pain is no longer sufficient to support an award for permanent total disability); Degrasse v. Elevating Boats, Inc. XXXX-XXXX (La.App. 4 Cir. 3/10/99) 740 So.2d 660 (citing Thomas v. Sears, Roebuck and Co., 94-2003, pp. 3-4 (La.App. 4 Cir. 3/29/95), 653 So.2d 102, 104-105 (despite finding that claimant "is in pain which prevents her from returning to work" claimant was not entitled to permanent total disability), and Mitchell v. AT & T, 27,290, p. 11 (La.App. 2 Cir. 8/28/95), 660 So.2d 204, 211 (inability to work due to pain does not entitle claimant to temporary total disability benefits)). In light of the statute's mandatory provisions, we agree with the hearing officer that a disability due to chronic pain does not meet the requirements of "physical" disability under La. R.S. 23:1221(2)(c).
With that being said, we now address whether the hearing officer erred by finding that Ms. Hand is not permanently and totally disabled under La. R.S. 23:1221(2). It is well settled that factual findings in *614 workers' compensation cases are subject to the "manifest error" or "clearly wrong" standard of appellate review. Seal v. Gaylord Container Corp., 97-0688, p. 4 (La.12/2/97), 704 So.2d 1161, 1164. In applying the manifest error  clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the fact finder's conclusion was a reasonable one. Seal, 97-0688 at p. 4, 704 So.2d at 1164. Where two permissible views of the evidence exist, a fact finder's choice between them can never be manifestly erroneous or clearly wrong. Id. If the fact finder's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Banks v. Industrial Roofing & Sheet Metal Works, 96-2840, p. 8 (La.7/1/97), 696 So.2d 551, 556.
Our review of the record indicates that Ms. Hand provided no evidence at all to meet the "clear and convincing evidence" burden imposed by the statute to entitle her to benefits for permanent total disability benefits. Ms. Hand testified that she has been unemployed since the accident in 1989 and that she is unable to work because of the continuing pain. Dr. Claude Williams, Ms. Hand's treating physician, opined that she is permanently and totally disabled due to her physical problems. However, the City's physician, Dr. Frederick Keppel, and the state appointed IME, Dr. J. Monroe Laborde, both opined that Ms. Hand is in fact capable of sedentary work and that she is not permanently and totally disabled. As such, we find no manifest error in the hearing officer's findings that Ms. Hand is not permanently and totally disabled, and that she is not entitled to indemnity benefits.
For the aforementioned reasons, we affirm the Judgment of the workers' compensation court.
AFFIRMED.
MURRAY, Judge, dissenting with reasons.
MURRAY, Judge, Dissenting with Reasons.
Under the reasoning the Louisiana Supreme Court enunciated in Comeaux v. City of Crowley, XXXX-XXXX (La.7/3/01), 793 So.2d 1215, the workers' compensation (WC) judge's finding, which the majority affirms, that Ms. Hand is not permanently totally disabled (PTD) is erroneous.
In Comeaux, the Court held that the analysis of PTD status should not be confined to the physical ingredient, i.e.,"disability in the medical or physical sense." Comeaux, XXXX-XXXX at p. 7, 793 So.2d at 1219. Rather, other factors, especially a failed attempt at rehabilitation, should be considered. In this case, the WC judge expressly noted that it is undisputed "Defendant provided vocational rehabilitation which failed." Nonetheless, the WC judge refused to consider this factor in determining if Ms. Hand was PTD because she found Comeaux factually distinguishable. The distinguishing factor, according to the WC judge, is that the employee in Comeaux had limited educational abilities; whereas, Ms. Hand "is highly intelligent and already well educated." This distinction, in my opinion, ignores the reality that Ms. Hand's education is in nursing, and it is undisputed that her work-related injury precludes her from ever returning to work as a nurse.[1]
*615 Given the WC's judge's factual finding that Ms. Hand has "permanent and totally disabling physical and chronic pain coupled with objective limitations caused by the accident" and considering the failed attempt at rehabilitation, I would find Ms. Hand satisfied the clear and convincing standard required for PTD.[2] Accordingly, I would reverse the WC judge's finding that Ms. Hand is not PTD.
NOTES
[1] Unrelated to the accident, Ms. Hand underwent a previous back surgery by Dr. Williams in 1985.
[1] Although in Frith v. Riverwood, Inc., XXXX-XXXX (La.App. 1 Cir. 4/2/04, 878 So.2d 595), writ granted, XXXX-XXXX (La.7/2/04), 877 So.2d 123, the First Circuit distinguished Comeaux on the basis that the employee was highly educated and did not display an inability to learn new trades, this case is distinguishable from Frith in that there was no failed attempt at rehabilitation in Frith. Moreover, the Louisiana Supreme Court has granted certiorari in Frith.
[2] As the Louisiana Supreme Court pointed out in Comeaux, a finding of PTD is not "forever;" it is always subject to modification. Comeaux, XXXX-XXXX at p. 15, n. 10, 793 So.2d at 1224.