McDonald, J.
 

 12This is an appeal of a judgment finding a non-competition agreement valid and awarding damages and attorney fees in accordance therewith. After a thorough review, we find the agreement invalid and reverse the trial court judgment.
 

 FACTS AND PROCEDURAL HISTORY
 

 On March 4, 2002, plaintiff, Eugene A. Garcia, III, D.V.M. (Dr. Garcia), as owner and on behalf of Bayou Animal Clinic, hired defendant-appellant, Elizabeth B. Saylor, D.V.M. (Dr. Saylor), to perform veterinarian services at his two veterinary clinics located in St. Tammany Parish. One clinic was located in Slidell, Louisiana, and the other in Lacombe, Louisiana. The parties signed an employment contract, which provided that Dr. Saylor would refrain from competing either directly or indirectly with the Bayou Animal Clinic for two years following the termination of her employment. Specifically, the contract delineated a six-mile radius around each of Dr. Garcia’s veterinary clinics, inside of
 
 *263
 
 which Dr. Saylor was prohibited from engaging in the practice of veterinary medicine. The contract also provided for liquidated damages of $1,500 per month for the first twelve-month period following any breach of the agreement and $1,000 per month for the second twelve-month period. In return for executing the non-competition agreement, Dr. Saylor was given additional yearly consideration of $1,500.
 

 On May 1, 2003, Dr. Saylor terminated her employment relationship with Dr. Garcia. Six weeks later, on June 12, 2003, she opened a veterinary clinic, Northshore Veterinary Services, L.L.C. (Northshore Veterinary Services). This new clinic was located within six miles of Dr. Garcia’s veterinary clinic in Slidell.
 
 [1]
 
 Dr. Saylor continued to operate this clinic for over twenty-four months.
 

 |sOn March 9, 2004, Dr. Garcia filed a petition for permanent injunction and damages against Dr. Saylor, Northshore Veterinary Services, and Charter Practices International L.L.C. (Charter).
 
 [2]
 
 Dr. Garcia filed a motion for summary judgment on May 10, 2007, asserting there was no genuine issue of material fact that the non-competition agreement was valid, that Dr. Saylor had breached the agreement, and that Dr. Saylor owed damages to Dr. Garcia as per the agreement, together with legal interest and attorney fees. On June 22, 2007, the trial court denied the motion for summary judgment, because the employment contract had not been submitted to the court. Dr. Garcia and Dr. Saylor then filed a joint motion for reconsideration of the motion for summary judgment and attached a copy of the contract. The motion for reconsideration was granted. By judgment dated July 26, 2007, the trial court noted that the request for injunctive relief was no longer viable as the two-year time period had passed; and further, the trial court denied the motion for summary judgment, finding that because the non-competition agreement did not give the location of Dr. Garcia’s place of business, the trial court could not discern whether Dr. Saylor’s clinic was within the prohibited six-mile radius.
 

 Thereafter, Dr. Garcia and Charter filed a joint motion to dismiss Dr. Garcia’s claims against Charter, and Charter was dismissed from the suit by the trial court on October 19, 2007.
 

 The case went to trial on November 19, 2008. On November 21, 2008, the trial judge rendered judgment in favor of Dr. Garcia, finding the non-competition agreement enforceable against Dr. Saylor, and awarding damages in the amount of $1,500 per month for the first twelve months, $1,000 per month for the next twelve months, interest, attorney fees, and all costs. From this judgment, Dr. Saylor appeals.
 

 | ¿THE ASSIGNMENTS OF ERROR
 

 Dr. Saylor makes the following assignments of error: 1) that the trial court erred in using parol evidence to reform the non-competition agreement; 2) that the trial court erred when it ruled that the non-competition agreement was enforceable, even though the parish was not described; 3) that the trial court erred in not declaring the agreement invalid even though it attempts to regulate members of a profession; and 4) that the trial court erred when it awarded attorney fees.
 

 STANDARD OF REVIEW
 

 The issues presented in this case, namely, whether the non-competition
 
 *264
 
 agreement in question is valid and enforceable, whether La. R.S. 23:921(C) applies to professions; and whether the trial court properly awarded attorney fees, are questions of law which the court reviews
 
 de novo. See Hand v. City of New Orleans,
 
 04-0845, p. 5 (La.App. 4th Cir.12/22/04), 892 So.2d 609, 612,
 
 writ denied,
 
 05-0143 (La.4/1/05), 897 So.2d 603. Where the trial court’s decision is based on an erroneous interpretation or application of law, rather than a valid exercise of discretion, such an incorrect decision is not entitled to deference by the reviewing court.
 
 Hand,
 
 04-0845 at p. 5, 892 So.2d at 612.
 

 LAW AND ANALYSIS
 

 The crux of the matter before this Court is the validity of the noncompetition agreement. Dr. Saylor asserts in her second assignment of error that the trial court erred in upholding the non-competition agreement because it failed to explicitly state that it was to apply in St. Tammany Parish. Non-competition agreements are governed by La. R.S. 23:921. Subsection C of the statute is particularly pertinent to this assignment of error and provides in part as follows:
 

 Any person, including a corporation and the individual shareholders of such corporation, who is employed as an agent, servant, or employee may agree with his employer to refrain from carrying on or engaging in a business similar to that of the employer and/or from soliciting customers of the employer
 
 within a specified parish or |fiparishes, municipality or municipalities, or parts
 
 thereof.... (emphasis added).
 

 La. R.S. 23:921(C). In addressing the contentions of Dr. Saylor, we are conscious of the fact that this subsection is an exception to Louisiana public policy against such agreements, and as such, it must be strictly construed.
 
 Vartech Systems, Inc. v. Hayden,
 
 05-2499, p. 7 (La.App. 1st Cir.12/20/06), 951 So.2d 247, 255.
 

 Louisiana public policy has consistently looked upon non-competition agreements with disdain.
 
 Cellular One, Inc. v. Boyd,
 
 94-1783, p. 4 (La.App. 1st Cir.3/3/95), 653 So.2d 30, 32,
 
 writ denied,
 
 95-1367 (La.9/15/95), 660 So.2d 449;
 
 Water Processing Technologies, Inc. v. Ridgeway,
 
 618 So.2d 533, 535 (La.App. 4th Cir.1993). However, the Louisiana legislature has modified this public policy in La. R.S. 23:921 to carve out exceptions to the public policy of disfavoring, agreements not to compete. Among such legislative modifications, the 1989 revisions to La. R.S. 23:921 are most pertinent to our review of the validity and subsequent enforceability of the non-competition agreement at issue. In reviewing said revisions to La. R.S. 23:921, this court noted the following,
 

 In amending section 921, the Louisiana Legislature expanded the use of noncompetition agreements. The legislature recognized that employers have a right to protect their business investment provided they comply with the exceptions contained in the statute.
 

 Cellular One,
 
 94-1783 at p. 5, 653 So.2d at 33. This recognition of the right of protection on the part of employers and of the fact that employees can have the upper hand in the modern business environment shows a concern for the rights of business owners that has, in some respects, mitigated this state’s harsh sentiment over the use of non-competition agreements. Therefore, while we are cognizant of the fact that the 1989 revisions to La. R.S. 23:921 do not represent a reversal of this state’s public policy, as stated in
 
 Team Environmental Services, Inc. v. Addison,
 
 2 F.3d 124, 126 (5th Cir.1993), this court also recognizes that there is a Ingrowing concern for the rights of business owners and employers such as Dr. Garcia.
 

 
 *265
 
 Such public policy considerations form the lens through which we must now view the non-competition agreement at issue. As previously noted, in order for a non-competition agreement to fit within the statutory exception provided by La. R.S. 23:921(C), the agreement must provide,
 
 inter alia,
 
 the “specified parish or parishes, municipality or municipalities, or parts thereof’ in which the signing employee is prevented from engaging in competition. The non-competition agreement before this court explicitly provides:
 

 Dr. Saylor further affirms and agrees that for a period of two (2) years following the termination of her employment with the Bayou Animal Clinic she will refrain from competing, and will not compete, directly [or] indirectly, with the Bayou Animal Clinic in the rendition of veterinary medical services whether individually or as an employee ... within a six-mile (6) radius of either of the [Clinic’s] places [of] business on the date of her termination of employment.
 

 We decline to affirm the trial court’s finding that the contract was valid. The non-competition agreement prohibits competition “within a six-mile (6) radius of either of the [Clinic’s] places [of] business on the date of her termination of employment.” The clause pertaining to places of business on the date of her termination of employment is problematic. This is similar to the problem found in
 
 Medivision, Inc. v. Germer,
 
 617 So.2d 69 (La.App. 4th Cir.),
 
 writ denied,
 
 619 So.2d 549 (La.1993). In
 
 Medivision,
 
 the non-competition contract was between an ophthalmologist, Dr. Germer, and the eye medical center that employed him. It prevented Dr. Germer from “providing ophthalmological services at any location within ten miles of any office of the Center existing during the term of this agreement.” The court found:
 

 The contract here proscribes competition within ten miles of offices not established at the time the contract was executed. The employee could not determine at the time of execution the limits of the prohibition. The contract thus contains a potestative element. ^Furthermore, and more significantly, in failing to “specify” the proscribed areas, the contract violates Section 921.
 

 Medivision,
 
 617 So.2d at 72.
 

 The qualifying phrase following the geographical restriction within the noncompetition agreement before us renders this agreement just as vague as the agreement found in
 
 Medivision.
 
 It proscribes competition within six miles of clinics that exist on the date of the termination of her employment. There is no way to determine at the time of execution of the agreement where these clinics will be located. Tying the non-competition agreement to circumstances existing at a future date creates a situation where Dr. Saylor had no way to properly determine the limits of the non-competition agreement at the time the agreement was confected. For this reason, the contract is ultimately invalid and unenforceable, and we reverse the trial court judgment which found the non-competition agreement valid.
 

 Having reversed the trial court judgment based upon Dr. Saylor’s second assignment of error, we pretermit discussion of her remaining assignments of error.
 

 APPELLEE’S ASSIGNMENTS OF ERROR
 

 Dr. Garcia attempts to raise two assignments of error in his brief. However, as noted by this Court in
 
 Heck v. Lafourche Parish Council,
 
 02-2044, p. 9 (La.App. 1st Cir.11/14/03), 860 So.2d 595, 602,
 
 writ denied,
 
 04-0067 (La.3/19/04), 869 So.2d 837, a party who has not appealed or answered the appeal may not seek to have
 
 *266
 
 the trial court’s judgment modified in its favor.
 
 See
 
 La. C.C.P. arts. 2082 and 2133. A review of the record shows that Dr. Garcia did not appeal the trial court judgment and filed no answer in response to Dr. Saylor’s appeal. Therefore, we do not consider these two assignments of error.
 

 | «CONCLUSION
 

 For the foregoing reasons, the trial court judgment finding the noncompetition agreement valid and assessing damages against Dr. Saylor is reversed. Costs are assessed against Dr. Garcia.
 

 REVERSED.
 

 KUHN, J., concurs.
 

 [1]
 

 . Dr. Garcia's veterinary clinic in Lacombe had closed.
 

 [2]
 

 . Incorrectly named in the petition as "Ban-field Pet Hospital, Inc.”