TERRI F. LOVE, Judge.
12This appeal arises from the confirmation of a default judgment against a home inspector, home inspection company, and their insurer based on the alleged negligence regarding the inspection of the plaintiffs property. We find that the plaintiff failed to sustain her burden of proof to confirm a default judgment. Therefore, we reverse the default judgment as to the alleged insurer, vacate, and remand for further proceedings consistent with this opinion. However, the answer filed by the home inspector and home inspection company was untimely and cannot be considered by this Court. Therefore, that portion of the judgment is affirmed.

FACTS AND PROCEDURAL BACKGROUND

Mary Elizabeth Embry McIntyre purchased the home of David and Dianne Sussman (“the Sussmans”), at 7608 Sycamore Street, (“the home”) for $339,000.00. Ms. McIntyre contacted a realtor, Brett Massony of Wilkinson & Jeansonne, L.L.C. d/b/a French Quarter Realty, to assist with the purchase of the home. Ms. McIntyre instructed Mr. Massony to hire an inspector to inspect the property, complete a video inspection of the sewer, inspect for termites, and secure a home warranty. Mr. Massony hired Home Spec, Inc. (“HS”) to complete the inspections.
IsGeorge Swain of HS conducted an inspection of the home. However, Mr. Mas-sony failed to obtain the requested video inspection report of the sewer. Ms. McIntyre purchased the home without the video. After purchase, Mr. Massony informed Ms. McIntyre that he failed to secure the home warranty. After moving into the property, Ms. McIntyre allegedly experienced several problems with the plumbing, air and heating, electrical wiring, and structure of the home.
Ms. McIntyre filed a verified petition for declaratory relief. Citation and petition were issued to George Swain of HS. George Swain and HS allege that when HS was served with the complaint, it was the first time either party learned that George *1260 Swain’s inspection report was allegedly deficient. George Swain and HS made a limited appearance and filed a motion for an extension, which was granted through November 5, 2007. Ms. McIntyre filed a motion for default judgment against George Swain and HS on November 14, 2007. The trial court granted a preliminary default judgment against George Swain and HS.
Subsequently, Ms. McIntyre filed a supplemental and amending petition, naming Lexington Insurance Company (“Lexington”) as the insurer of HS and alleged that Lexington provided an insurance policy “to provide a defense and indemnity pertaining to allegations against” HS. Lexington was served through the Louisiana Secretary of State a citation and copy of the supplemental petition. A preliminary default judgment was entered against Lexington stating that Lexington failed to timely filed an answer or any other responsive pleading.[1]
During the hearing to confirm the preliminary default judgments, Ms. McIntyre testified that she hired a different inspection company, who noted discrepancies between George Swain’s inspection and the actual condition of the |4home. The only discrepancy specifically mentioned was a difference in square footage. Ms. McIntyre testified that the cost to repair the home exceeded $40,000. Ms. McIntyre estimated that she incurred $9,000 in health expenses due to the poor condition of the home. Ms. McIntyre alleged that she suffered a loss of wages as a result of not being able to work from home, as she had done for eight years prior to Hurricane Katrina. Ms. McIntyre also stated that she gave George Swain written notice of the problems she encountered with the home. The transcript of the testimony reveals that Ms. McIntyre’s attorney stated that he wanted to introduce the Lexington policy for the period from 06/25/2005 to 06/25/2006 and a Gertler Brothers Report that was done roughly a year after the purchase of the home. However, neither the Lexington policy nor the Gertler Brothers report was entered into the record or listed on the exhibit list within the transcript. The record does not contain any medical bills, nor was any testimony given, aside from that of Ms. McIntyre. Additionally, the record lacks copies of the estimates, invoices, or cancelled checks to corroborate Ms. McIntyre’s testimony.
The trial court confirmed a default judgment against George Swain and HS in the amount of $245,496.62. The trial court held that George Swain and HS were negligent in their inspection of the home, that written notice was provided to HS and George Swain during the effective term of the liability insurance provided by Lexington, and that neither George Swain nor Lexington filed a responsive pleading. Further, the trial court determined that HS, George Swain, and Lexington were aware of the lawsuit and that the actions of HS, George Swain, and Lexington caused emotional and economic damages to Ms. McIntyre. Ms. McIntyre requested service of the default judgment against Lexington, which was perfected. Lexington timely filed a motion for suspensive appeal of the final | ¡judgment, which was granted. The security deposit was set on June 28, 2010. On July 1, 2010, Lexington filed a suspensive appeal bond in the amount of $250,000. However, this Court converted Lexington’s appeal from suspensive to de- *1261 volutive.[2]
On October IB, 2010, George Swain, a principal of HS died. His sole heir and now independent administrator and successor in interest, Dillon Swain, retained counsel to represent the interest of HS and George Swain.

MOTION TO STRIKE

HS and the estate of George Swain filed a motion to strike the reply brief of Ms. McIntyre and mistakenly alleged that she did not seek leave of this Court to file same. However, this Court granted Ms. McIntyre’s motion for leave to file a reply brief on June 1, 2011. Therefore, the motion is denied.

STANDARD OF REVIEW

In reviewing the confirmation of a default judgment, “an appellate court is restricted solely to determining whether the record contains sufficient evidence to support a prima facie cáse.” Gresham v. Prod. Mgmt, Inc., 02-1228, p. 3 (La.App. 4 Cir. 2/11/04), 868 So.2d 171, 175. “This determination is a factual one governed by the manifest error standard of review.” Arias v. Stolthaven New Orleans, LLC, 08-1111, p. 5 (La.5/5/09), 9 So.3d 815, 818. “When the court of appeal finds that a reversible legal error or manifest error of material fact was made in the trial court, the court of appeal is required to determine the facts de novo from the entire record and render a judgment on the merits.” Id.
| DEFAULT JUDGMENT AGAINST LEXINGTON
Lexington asserts that the trial court erred by confirming a default judgment against it in favor of Ms. McIntyre. Specifically, Lexington maintains that Ms. McIntyre failed to introduce proof that Lexington was the insurer of George Swain and HS. Ms. McIntyre argues that the record demonstrates that she introduced the policy. She avers that Lexington is not disputing the policy, just the introduction of the policy into the record. Ms. McIntyre asserts that Lexington is trying to circumvent the issues by utilizing a procedural technicality.
According to La. C.C.P. art. 1702(A), “[a] judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case.” Further, La. C.C.P. art. 1702(B)(2) provides that:
[w]hen a demand is based upon a delic-tual obligation, testimony of the plaintiff with corroborating evidence, which may be by affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case shall be admissible, self-authenticating, and sufficient proof of such demand. (Emphasis added.)
When a “demand is based upon a claim for personal injury, a sworn narrative report of the treating physician may be offered in lieu of his testimony.” La. C.C.P. art. 1702(D).
At a default confirmation hearing, “the rules of evidence generally apply” and “[t]he plaintiff must follow the rules of evidence even though there is no opponent.” Arias, 08-1111, pp. 7-8, 9 So.3d at 820. “ ‘[T]o prevent reversal on appeal, both the plaintiff and the trial judge should be vigilant to assure that the judgment *1262 rests on admissible evidence’ that establishes a prima facie case.” Id,., quoting George W. Pugh, Robert Force, Gerald A. Rault, Jr., & Kerry Triche, Handbook on Louisiana Evidence Law 677 (2007). “[W]hen an obligation is |7based on a writing, prima facie proof of the obligation requires introduction of the writing into evidence.” Arias, 08-1111, p. 10, 9 So.3d at 822. “‘[A] plaintiff who knows of a writing which is the principal basis for his claims must produce it when it is the best evidence of the facts at issue.’ ” Id., quoting Ascension Builders, Inc. v. Jumonville, 262 La. 519, 263 So.2d 875, 878 (1972). “There is a presumption that a default judgment is supported by sufficient evidence, but this presumption may be rebutted by the record upon which the judgment is rendered.” Arias, 08-1111, p. 8, 9 So.3d at 820.
A contract of insurance is an essential element of a plaintiffs prima fa-cie case to confirm a default judgment against an insurance company. See Arias, 08-1111, p. 10, 9 So.3d at 822; Brown v. Trinity Ins. Co., 480 So.2d 919, 920 (La. App. 2nd Cir.1985). Louisiana R.S. 22:1269 permits an injured party to pursue a direct action against the insurer within the terms and limits of the policy. The terms and conditions of the insurance policy are part of the principal basis for the claims and critical to establishing a prima facie case of the insurer’s liability. Arias, 08-1111, pp. 10-11, 9 So.3d at 822. The elements of a prima facie case are established with competent evidence that convinces the court it is probable that the plaintiff would prevail at trial on the merits. Id. at 823.
The Lexington insurance policy is the principal basis for Ms. McIntyre’s claim against the insurance carrier in securing a default judgment because Lexington’s obligation to Ms. McIntyre is based on the contract of insurance. Therefore, it is an essential element of Ms. McIntyre’s prima facie case against Lexington. Proof of insurance must be introduced into evidence. Stating that a document will be introduced does not constitute adequate proof of coverage, under La. C.C.P. art. 1702, of Lexington’s liability.
IsThe plaintiff contends that the policy was introduced into the record, yet the policy is neither included in the list of exhibits contained in the transcript, nor the record. There is also no testimony concerning the contents of the insurance policy. Thus, we cannot determine the terms of the policy or Lexington’s liability. Therefore, it is impossible to determine what, if any, direct action could have been pursued against the insurer.
We conclude Ms. McIntyre failed to sustain her burden of proof under La. C.C.P. art. 1702 for the purpose of confirming the default judgment against Lexington. Without the admission of the insurance policy into evidence at the hearing to confirm the default judgment, Ms. McIntyre did not establish a prima facie case. Finding that Ms. McIntyre did not produce proof of the insurance policy and failed to sustain her burden, discussions of causation and damages are pretermitted. Accordingly, we reverse the default judgment against Lexington and remand to the trial court for further proceedings.

DEFAULT JUDGMENT AGAINST GEORGE SWAIN AND HS

Lexington filed the appeal on its own behalf, but did not include its alleged insureds, George Swain and HS. George Swain and HS did not appeal, but filed a brief as appellees on November 17, 2010, which sought to include an answer to Lexington’s appeal and alleged that the trial court erred by confirming the preliminary default judgment against them.
*1263 Regarding an answer to an appeal, La. C.C.P. art. 2133(A) provides:
An appellee shall not be obliged to answer the appeal. unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. In such cases, he must file an answer to the appeal, stating the relief demanded, not later than fifteen days after the return day or the lodging of the record whichever is later. The answer filed by the appellee shall |3be equivalent to an appeal on his part from any portion of the judgment rendered against him in favor of the appellant and of which he complains in his answer. Additionally, however, an appellee may by answer to the appeal, demand modification, revision, or reversal of the judgment insofar as it did not allow or consider relief prayed for by an incidental action filed in the trial court. If an appellee files such an answer, all other parties to the incidental demand may file similar answers within fifteen days of the appellee’s action.
Therefore, an answer must be filed within fifteen days after the lodging of the record or return date. The present appeal was lodged with this Court on September 13, 2010. La. C.C.P. art. 2125 provides that the return day
shall be thirty days from the date estimated costs are paid if there is no testimony to be transcribed and lodged with the record and forty-five days from the date such costs are paid if there is testimony to be transcribed, unless the trial judge fixes a lesser period. The trial court may grant only one extension of the return day and such extension shall not be more than thirty days. A copy of
the extension shall be filed with the appellate court. Subsequent extensions of the return day may be granted by the appellate court for sufficient cause or at the request of the court reporter as provided in Article 2127.2.
The order granting the appeal fixed the return date “as provided by law.” Our records indicate that the original return date was September 13, 2010, and the record does not indicate that the trial court granted an extension of the return date. Therefore, an answer seeking to reverse the trial court was due no later than fifteen days after September 13, 2010. The answer of George Swain of HS was filed on November 17, 2010, after the time delay provided by law. Therefore, their answer was untimely and the assertions cannot be considered by this Court.[3] Cottingim v. Vliet, 08-1263, p. 4 (La.App. 4 Cir. 8/12/09), 19 So.3d 26, 28; Hand v. City of New Orleans, 04-0845, p. 5 (La.App. 4 Cir. 12/22/04), 892 So.2d 609, 612.

DECREE

For the forgoing reasons, we reverse the trial court’s confirmation of a default judgment against Lexington. However, George Swain and HS’s answer was untimely and cannot be considered. Therefore, the default judgment against George Swain and HS remains confirmed. The matter is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED IN PART; AFFIRMED IN PART; MOTION DENIED

. As previously noted, the record indicates that George Swain and HS filed for an extension of time.

. Ms. McIntyre filed a motion to dismiss Lexington’s suspensive appeal, which this Court granted in part by converting Lexington's sus-pensive appeal to a devolutive appeal. This Court denied Lexington's application for rehearing and the Louisiana Supreme Court denied Lexington’s writ on the matter. Lexington then filed a motion to convert the devolutive appeal to an application for supervisory review, which this Court denied.

. Dillon Swain and HS’s brief indicates that a motion for new trial was filed in the trial court on November 4, 2010, and a petition to annul the judgment was filed on November 17, 2010. Neither proceeding regarding the confirmation of the default judgment is before this Court on appeal.