EDWIN A. LOMBARD, Judge.
Lin this appeal, Devin Dennis, seeks review of the confirmation of a default judgment obtained by the plaintiff, the State of Louisiana, through the Department of Child and Family Services, Child Support Enforcement in the interest of Austin Dennis, minor child of Kirby Taylor Jones (the “State”). For the following reasons, we reverse.
Relevant Facts and Procedural History
On July 25, 2011, the State filed a petition to establish an order of child support praying that the court render judgment in favor of the State ordering Mr. Dennis to *1208 pay support through the State via an income assignment order, to maintain a policy of insurance for the benefit of the minor child, to be taxed with cost, and for other relief as the law may require. Mr. Dennis did not file any responsive pleadings.
On August 31, 2011, the State obtained a judgment of default. Thereafter, the State filed a motion to confirm the judgment of default. In support of its motion to confirm, the State offered: (1) an affidavit of paternity and non-military | .¿service signed by Ms. Jones; (2) a statement of income and expenses signed by Ms. Jones; (3) an obligation worksheet; and (4) a document identified as an “LDET.[1]”
On September 15, 2011, the trial court issued a judgment confirming the judgment of default in favor of the plaintiff, Ms. Jones, and against Mr. Dennis, declaring Mr. Dennis be the biological father of the minor child, Austin Dennis, and ordering Mr. Dennis to pay $482.41 monthly, to the State. It is from that judgment the defendant timely filed a motion for appeal.
Applicable Law
Default judgments are governed by La. Code Civ. Proc. art. 1701 et seq. That provision states that “[i]f a defendant in the principal or incidental demand fails to answer within the time prescribed by law, judgment by default may be answered against him.” La.Code Civ. Proc. art. 1701. “A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case.” La. Code Civ. Proc. art. 1702.
“In order to obtain a reversal of a default judgment appealed from, or to obtain a remand, defendant must overcome the presumption that the judgment was rendered upon sufficient evidence and that it is correct.” Ascension Builders, Inc. v. Jumonville, 263 So.2d 875, 262 La. 519 (1972). This presumption, however, does not attach when the record upon which the judgment is rendered indicates otherwise. Id. at 878; see also Arias v. Stolthaven New Orleans, L.L.C., 2008-1111, p.8 (La.5/5/09), 9 So.3d 815, 820.
|3“In reviewing the confirmation of a default judgment, ‘an appellate court is restricted solely to determining whether the record contains sufficient evidence to support a prima facie case.’ ” McIntyre v. Sussman, 2010-1281, p. 5 (La.App. 4 Cir. 10/26/11), 76 So.3d 1257, 1261, quoting Gresham v. Prod. Mgmt., Inc., 2002-1228, p. 3 (La.App. 4 Cir. 2/11/04), 868 So.2d 171, 175. “This determination is a factual one governed by the manifest error standard of review.” McIntyre, p. 5, 76 So.3d at 1261, quoting Arias v. Stolthaven New Orleans, L.L.C., 2008-1111, p. 5 (La.5/5/09), 9 So.3d 815, 818. “When the court of appeal finds that a reversible legal error or manifest error of material fact was made in the trial court, the court of appeal is required to determine the facts de novo from the entire record and render a judgment on the merits.” McIntyre, p. 5, 76 So.3d at 1261, quoting Anas, 2008-1111, p. 5, 9 So.3d at 818.
Discussion
In his first assignment of error, Mr. Dennis avers that the trial court erred in granting the judgment of default without sufficient proof to establish a prima facie case as required by law.
The petition asserts entitlement to child support pursuant to Louisiana Revised Statute 9:315, et seq. Louisiana Revised Statute 9:315.8 provides “[t]he party without legal custody or non-domiciliary party *1209 shall owe his or her total child support obligation as a money of child support to the custodial or domiciliary party.” Accordingly, an element of proof which must be established for an award |4of child support is the custodial or domiciliary status of the party seeking the award.
A review of record indicates that there is no evidence to show that Kirby Jones is the domiciliary or custodial parent of the minor child. In confirming the judgment of default, the State submits the affidavit of Kirby Jones. The affidavit provides that she is the mother of Austin Dennis; she maintained a relationship with the defendant, which resulted in the conception and birth of Austin Dennis, and that the defendant is not a member of the military. The affidavit, notably, does not address custodial or domiciliary status.
Further, the petition (1) fails to name the custodian who is applying for services; (2) alleges that Austin Dennis resides with Devin Dennis; (3) names Austin Dennis as the defendant; (4) fails to request that Devin Dennis be ordered to pay child support; and (5) prays that “the defendant” be ordered to pay child support, without specifically naming the defendant.
Accordingly, after de novo review, we find that the record does not support the confirmation of the default judgment, and thus the presumption that the default judgment was rendered upon sufficient evidence does not attach. Given our finding we pretermit discussion of the second assignment of error.
Conclusion
Thus, the confirmation of the default judgment is hereby reversed and we remand the matter back to the trial court.
REVERSED AND REMANDED

. A description of this document was not provided.