JOY COSSICH LOBRANO, Judge.
|; Defendant, Jodie Schneider, appeals the trial court’s November 14, 2013 default judgment in favor of plaintiff, Jason D. Parker, for sums allegedly due to Parker as the holder of certain promissory notes. For reasons that follow, we vacate and set aside the default judgment, and remand this matter for further proceedings.
The record shows that Parker filed a petition alleging that he is the holder of fourteen (14) promissory notes executed by Schneider.[1] Copies of the notes were *681 attached to the petition. Parker filed a first amending and supplemental petition, alleging that Schneider is now a resident of Florida. Parker later filed a second amending and supplemental petition, alleging that he is the holder of seventeen (17) notes executed by Schneider. The record shows that Schneider was served ¡¡.pursuant to the provisions of the Louisiana Long-Arm Statute, La. R.S. 13:3201 et seq., with certified copies of the original petition, and first and second amending and supplemental petitions. Schneider did not answer the lawsuit, and Parker subsequently obtained a default against Schneider. By judgment dated November 14, 2013, the trial court confirmed the default judgment in favor of Parker, and against Schneider, in the full sum of $99,713.90, together with interest as set forth in the filed promissory notes from execution of each note until paid, together with attorney’s fees and all costs of the proceedings. Schneider now appeals.
On appeal, Schneider sets forth the following assignments of error:
(1) the trial court erred in granting a default judgment in favor of Parker based upon an affidavit executed by Parker’s counsel;
(2) the trial court erred in granting judgment in favor of Parker and against Schneider based upon the alleged promissory notes that contain provisions requiring the payment of interest, which is far in excess of that permissible under Louisiana law; and
(3) the trial court erred in its award of attorney’s fees.
In McIntyre v. Sussman, 2010-1281 (La.App. 4 Cir. 10/26/11), 76 So.3d 1257, this Court stated the standard of review for confirmation of default judgments as follows:
In reviewing the confirmation of a default judgment, “an appellate, court is restricted solely to determining whether the record contains sufficient evidence to support a prima facie case.” Gresham v. Prod. Mgmt., Inc., 02-1228, p. 3 (La.App. 4 Cir. 2/11/04), 868 So.2d 171, 175. “This determination is a factual one governed by the manifest error standard of review.” Arias v. Stolthaven New Orleans, LLC, 08-1111, p. 5 (La.5/5/09), 9 So.3d 815, 818. “When the court of appeal finds that a reversible legal error or manifest error of material fact was made in the trial court, the court of appeal is required to determine |sthe facts de novo from the entire record and render a judgment on the merits.” Id.
Id., p. 5, 76 So.3d at 1261.
La. C.C.P. article 1702A states that “[a] judgment of default must be confirmed by proof of the demand that is sufficient to establish a prima facie case and that is admitted on the record prior to confirmation.” The elements of a prima facie case are established with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant. Arias v. Stolthaven New Orleans, L.L.C., 2008-1111, p. 7 (La.5/5/09), 9 So.3d 815, 820, citing Sessions & Fishman v. Liquid Air Corp., 616 So.2d 1254, 1258 (La.1993) and Thibodeaux v. Burton, 538 So.2d 1001, 1004 (La.1989). La.C.C.P. article 1702B(3) states:
*682 When the sura due is on an open account or a promissory note or other negotiable instrument, an affidavit of the correctness thereof shall be prima facie proof. When the demand is based upon a promissory note or other negotiable instrument, no proof of any signature thereon shall be required.
In this suit on promissory notes, the affidavit offered by the plaintiff as to the correctness of the sums allegedly due on the notes was executed by Parker’s attorney, Irl R. Silverstein. In this document, entitled “Affidavit of Correctness of Account and/or Note and Non-Military Service,” Silverstein stated “that he is the Attorney for JASON D. PARKER, plaintiff in the above entitled and numbered cause; that he is familiar and well acquainted with the account of JODIE SCHNEIDER in the above captioned cause; that plaintiff is the owner and holder (in due course), for value, of the promissory notes herein sued upon; that the true and correct amount owed to plaintiff on said notes by the above named defendant is $99,713.90, plus interest and attorney’s fees as prayed for, and all costs of these proceedings.” Schneider’s first assignment of error is that the trial court erred in | confirming default judgment in favor of Parker based on the affidavit executed by Parker’s attorney. We agree.
Affidavits must be based upon the personal knowledge of the affiant. See La. C.E. article 602; W & W Clarklift, Inc. v. Svendsen, 535 So.2d 1325 (La.App. 5 Cir.1988); see also Arkla, Inc. v. Maddox and May Brothers Casing Service, Inc., 624 So.2d 34 (La.App. 2 Cir.1993); Carte Blanche Plumbing and Heating Repair Service, Inc. v. Van Haeler, 337 So.2d 654 (La.App. 4 Cir.1976); La. C.C.P. article 967. In Foundation Materials, Inc. v. Carrollton Mid-City Investors, L.L.C., 2010-0542 (La.App. 4 Cir. 5/25/11), 66 So.3d 1230, this Court explained the personal knowledge requirement for affidavits as follows:
The affiant must affirmatively establish that he is competent to testify to the matters stated by a factual averment showing how he came by such knowledge. Barnes v. Sun Oil Co., 362 So.2d 761, 763 (La.1978). Personal knowledge means something the witness actually saw or heard, as distinguished from what he learned from some other person or source. Hibernia Nat. Bank v. Rivera, 07-962, pp. 8-9 (La.App. 5 Cir. 9/30/08), 996 So.2d 534, 539. The purpose of the requirement of “personal knowledge” is to limit the affidavit to facts which the affiant saw, heard, or perceived with his own senses. Id.
Id., p. 7, 66 So.3d at 1234-1235.
We conclude that Silverstein’s “Affidavit of Correctness of Account and/or Note and Non-Military Service” fails to establish a prima facie case to prove the demand set forth in Parker’s petition on promissory notes. The affidavit does not show that Silverstein has personal knowledge of the sums allegedly owed to Parker by Schneider. Silverstein’s vague and conclusory statement, that he is “familiar and well acquainted with the account” of Schneider, is insufficient to support confirmation of a default judgment.
| SFor these reasons, we vacate and set aside the default judgment confirmed in Parker’s favor, and remand this matter for further proceedings. Because of our finding that the trial court erred in granting the default judgment based on the affidavit of Parker’s attorney, we need not address Schneider’s remaining assignments of error.
VACATED AND REMANDED.

. Schneider’s brief includes statements regarding her relationship with Parker, but the record does not include any such information. Schneider also attached a document to her brief that was not introduced at trial. As a court of record, we must limit our review to that which is in the record before us. Kerrigan v. Bourgeois, 2008-1457, pp. 4-5 (La.App. 4 Cir. 7/15/09), 16 So.3d 612, 614, citing Ventura v. Rubio, 2000-0682, pp. 3-4 (La. *681 App. 4 Cir. 3/16/01), 785 So.2d 880, 885. Appellate briefs and attachments thereto are not part of the record on appeal; therefore, this Court has no authority to consider on appeal facts referred to in appellate briefs or in exhibits attached thereto, if those facts are not in the record on appeal. Miccol Enterprises, Inc. v. City of New Orleans, 2012-0864, p. 7 (La.App. 4 Cir. 12/19/12), 106 So.3d 746, 750-751.