Judge Joy Cossich Lobrano
This is an appeal from a default judgment in a personal injury case. Defendants/appellants, Choice Foundation d/b/a Lafayette Academy Charter School (the "school") and Karen Lewis ("Lewis"), appeal the October 19, 2017 default judgment in favor of plaintiffs/appellees, Jerry Moore, Jr., individually and on behalf of the minor Jerry Moore, III, and Anitra Moore (collectively, the "Moores"), and the April 2, 2018 denial of a motion for new trial. For the reasons that follow, we vacate the default judgment, reverse the denial of the motion for new trial, and remand this matter to the district court for further proceedings.
On August 2, 2016, the Moores filed a petition for damages, alleging that Jerry Moore, III ("Little Jerry") was injured when he fell down the stairs at school on August 19, 2015. According to the petition, Little Jerry is the minor son of Jerry Moore, Jr. and Anitra Moore ("Mr. and Mrs. Moore"). Little Jerry is non-verbal, autistic, and requires constant monitoring and assistance while at school. The petition states that Lewis was a paraprofessional employed by the school and assigned to Little Jerry. The Moores allege Lewis was negligent in failing to properly supervise Little Jerry, and the school was vicariously liable for Lewis' negligence. Also, according to the petition, the school was negligent for failing to remedy a hazardous condition of the stairs.
When none of the defendants filed an answer to the petition, the Moores filed motions for preliminary default on October 26, 2016. On November 4, 2016, the district court entered a preliminary default against Lewis and the school.
Nearly a year later, on October 19, 2017, the district court held a hearing at which the Moores moved to confirm the default judgment. On the same date, the district court confirmed the default judgment against Lewis and the school "in solido and under theory of respondeat superior" and awarded the Moores damages in the amount of $ 417,249.32, together with interest from the date of judicial demand until paid and all costs of the proceedings. On October 31, 2017, Lewis and the school filed a motion for new trial. Following a hearing on March 9, 2018, the district court denied a new trial in its judgment dated April 2, 2018. This appeal followed.
The primary issue before this Court is whether the Moores proved a prima facie case of negligence with competent, admissible *36 evidence.[1]
The district court has "broad discretion in [ ] granting or denying a motion for new trial, and we review a denial under an abuse of discretion standard." Bonnette v. Bonnette , 2015-0239, pp. 22-23 (La. App. 4 Cir. 2/17/16), 185 So.3d 321, 334.[2] Article 1972(1) of the Louisiana Code of Civil Procedure provides that "[a] new trial shall be granted, upon contradictory motion of any party ... when the verdict or judgment appears clearly contrary to the law and the evidence."
"In reviewing default judgments, the appellate court is restricted to determining the sufficiency of the evidence offered in support of the judgment." Arias v. Stolthaven New Orleans, L.L.C. , 2008-1111, p. 5 (La. 5/5/09), 9 So.3d 815, 818. "This determination is a factual one governed by the manifest error standard of review." Id.
"Confirmation of a default judgment is similar to a trial and requires, with admissible evidence, 'proof of the demand sufficient to establish a prima facie case.' " Id. , 2008-1111, p. 7, 9 So.3d at 820 (quoting La. C.C.P. art. 1702(A) )(other citations omitted). "The elements of a prima facie case are established with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant." Id. (citing Sessions & Fishman v. Liquid Air Corp. , 616 So.2d 1254, 1258 (La. 1993) ; Thibodeaux v. Burton , 538 So.2d 1001, 1004 (La. 1989) ).
The Louisiana Supreme Court has made clear that inadmissible evidence "may not support a default judgment even though it was not objected to because the defendant was not present." Arias , 2008-1111, p. 7, 9 So.3d at 820 (citations omitted). Rather, the rules of evidence apply at a hearing to confirm a default judgment, subject to certain legislative exceptions. La. C.E. art. 1101(A) ; see also La. C.C.P. art. 1702(B)(2).
Louisiana Code of Evidence article 801(C) defines hearsay as a "statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted." Generally, hearsay evidence is not admissible evidence. La. C.E. art. 802. Moreover, *37 "[h]earsay evidence does not sustain the burden of proving the prima facie case necessary for confirmation of default." Cameron v. Roberts , 47,789, p. 7 (La. App. 2 Cir. 2/27/13), 111 So.3d 438, 443 ; see Cunningham v. M & S Marine, Inc. , 2005-0805, p. 4 (La. App. 4 Cir. 1/11/06), 923 So.2d 770, 773. "Hearsay is treated as unreliable because it is based on statements by individuals who are not before the court, have not been sworn and are not available for cross examination." Ross v. City of New Orleans , 2000-1879, p. 14 (La. App. 4 Cir. 11/21/01), 808 So.2d 751, 761 ; Crescent City Const., Inc. v. Camper , 2003-1727, p. 6 (La. App. 1 Cir. 12/30/04), 898 So.2d 408, 413.
The Moores' claims against Lewis and the school sound in negligence. The duty/risk analysis is the standard negligence analysis our Court employs in determining whether to impose liability under La. C.C. art. 2315.[3] Lemann v. Essen Lane Daiquiris, Inc. , 2005-1095, p. 7 (La. 3/10/06), 923 So.2d 627, 632-33. As stated by the Supreme Court:
in order for liability to attach under a duty/risk analysis, a plaintiff must prove five separate elements: (1) the defendant had a duty to conform his or her conduct to a specific standard of care (the duty element); (2) the defendant failed to conform his or her conduct to the appropriate standard (the breach of duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and, (5) actual damages (the damages element).
Mathieu v. Imperial Toy Corp. , 94-0952, pp. 4-5 (La. 11/30/94), 646 So.2d 318, 322. "A negative answer to any of the inquiries of the duty/risk analysis results in a determination of no liability." Id. , 94-0952, p. 11, 646 So.2d at 326.
Reviewing the record before us, we find that the default judgment was contrary to the law and the evidence because the Moores failed to prove a prima facie case of negligence. Specifically, no competent, admissible evidence of breach of duty or causation was presented.
No eyewitness to Little Jerry's accident testified. No one testified who had any personal knowledge of how Little Jerry's accident occurred. The only evidence in the record of how the accident occurred is hearsay, which is inadmissible. To establish how the accident happened, the Moores rely on an accident report purportedly signed by Lewis, which is hearsay. Likewise, Mr. and Mrs. Moore testified, both in court and via affidavit, to what other people (Lewis and unidentified individuals associated with the school) told them happened to Little Jerry on the day of his injury at school. This is also hearsay and further demonstrates a lack of personal knowledge of the facts of the accident.
The Moores fail to identify any exception to the hearsay rules, and we find none, that applies here. Louisiana courts have found witness statements that are not in affidavit form and unauthenticated accident reports insufficient to establish a prima facie case on a default judgment. Triple S Marine, L.L.C., v. Daigle Towing Serv., L.L.C. , unpub., 2009-1506, p. 3 (La. App. 1 Cir. 7/29/10), 2010 WL 2964267. Martin v. Sanders , 35,575, p. 4 (La. App. 2 Cir. 1/23/02), 805 So.2d 1209, 1212. Similarly, courts of this state have found that affidavits or testimony, not based on firsthand knowledge of an accident, likewise *38 fail to establish a prima facie case. See, e.g. , Jackson v. Reed , 47,293, pp. 5-6 (La. App. 2 Cir. 5/29/13), 116 So.3d 977, 981 ; Triple S Marine, L.L.C. , 2009-1506, p. 3, 2010 WL 2964267 ; Crescent City Const., Inc. , 2003-1727, p. 9, 898 So.2d at 415. See also Parker v. Schneider , 2014-0232, p. 4 (La. App. 4 Cir. 10/1/14), 151 So.3d 679, 682 (citing La. C.E. art. 602 and stating "[a]ffidavits must be based upon the personal knowledge of the affiant").[4]
Purged of hearsay, the record evidences that (1) Little Jerry's special needs warrant a high level of supervision at school; and (2) Little Jerry sustained a serious injury while at school. This evidence does not prove negligence. If a plaintiff fails to prove any element of the duty/risk analysis, a defendant can have no liability for negligence. Lemann , 2005-1095, p. 7, 923 So.2d at 633. Even if the record evidence supports that a duty existed and the Moores sustained damages, the Moores have failed to show that Lewis or the school breached any duty owed them or that such a breach of duty caused their damages. They have not shown that Lewis did anything wrong with respect to Little Jerry's descent on the stairs or even that the accident occurred on the stairs in question. In the absence of competent evidence, they also have not shown that either Lewis' actions or any condition of the stairs caused Little Jerry's injuries. We find no law permitting an inference that, because a duty may exist for a special needs child and because the child fell, that duty was breached, or such a purported breach of duty caused the damages in question. Without any eyewitness testimony to the accident, or any other competent, admissible evidence of how the accident occurred, the Moores have not proven a prima facie case of negligence.
We further recognize that the Moores could have called Lewis as an eyewitness to the accident, but did not. Lewis was served with the petition, and no evidence in the record shows that she could not be located or is otherwise unavailable. This Court has held that the "unexplained failure of a party to call a witness who possesses peculiar knowledge of material facts pertinent to the resolution of the case entitles the opposing party to a presumption that the witness's testimony would be unfavorable." Goldfinch v. United Cabs, Inc. , 2008-1447, p. 9 (La. App. 4 Cir. 5/13/09), 13 So.3d 1173, 1180 (citations omitted). Because of the Moores' unexplained failure to introduce Lewis' testimony substantiating the circumstances of Little Jerry's accident, we presume that Lewis' testimony would have been unfavorable to the Moores' case.
For these reasons, we find that the district court was manifestly erroneous in concluding that the Moores proved a prima facie case to support the judgment by default. Because the default judgment was confirmed in the absence of competent, admissible evidence supporting a prima facie case of negligence, the judgment is *39 contrary to the law and the evidence, and a new trial should have been granted by the district court. See Goldfinch , 2008-1447, p. 11, 13 So.3d at 1181 ; Cameron , 47,789, p. 12, 111 So.3d at 445 ; La. C.C.P. art. 1972(1).[5]
Accordingly, for the reasons set forth in this opinion, we vacate the default judgment, reverse the judgment denying the motion for new trial, and remand this case to the district court for further proceedings.
DEFAULT JUDGMENT VACATED; JUDGMENT DENYING NEW TRIAL REVERSED; REMANDED
JENKINS, J., DISSENTS WITH REASONS
ATKINS, J., DISSENTS AND ASSIGNS REASONS
JENKINS, J., DISSENTS WITH REASONS
I respectfully dissent with majority's conclusion that the Moores did not establish a prima facie case of negligence with competent, admissible evidence. Specifically, the majority rejects the sufficiency of proof only with respect to the cause-in-fact and breach of duty elements of negligence.
According to Black's Dictionary, prima facie evidence is sufficient to establish a given fact, or the group or chain of facts constituting the parties' claim or defense, and if not rebutted or contradicted will remain sufficient. It is evidence which, if unexplained or uncontradicted, is sufficient to sustain a judgment in favor of the issue which it supports, but which may be contradicted by other evidence. BLACK'S LAW DICTIONARY 1190 (6th ed. 1990).
The elements of a prima facie case are established with competent evidence that convinces the court that it is probable that the plaintiff would prevail at trial on the merits. McIntyre v. Sussman , 10-1281, p. 7 (La. App. 4 Cir. 10/26/11), 76 So.3d 1257, 1262.
In order for a plaintiff to obtain a default judgment, "he must establish the elements of a prima facie case with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant." "In other words, the plaintiff must present competent evidence that convinces the court that it is probable that he would prevail on a trial on the merits." A plaintiff seeking to confirm a default must prove both the existence and the validity of his claim. "There is a presumption that a default judgment is supported by sufficient evidence, but this presumption does not attach when the record upon which the judgment is rendered indicates otherwise."
Sessions & Fishman v. Liquid Air Corp., 616 So.2d 1254, 1258 (La. 1993) (citations omitted).
The determination of whether there is sufficient proof to support a default judgment is a question of fact that should not be disturbed on appeal unless it is manifestly erroneous. Xavier Univ. of Louisiana v. Coleman , 18-0660, p. 2 (La. App. 4 Cir. 10/3/18), 257 So.3d 730, 732.
The substantial admissible, competent evidence presented at the confirmation trial includes the following taken from the affidavits of the Moores:
*40 • Little Jerry is a 13-year-old, non-verbal child with Autism Spectrum Disorder.
• Little Jerry requires 24-hour supervision when moving about the house, getting in and out of vehicles, going up and down stairs, eating, using the bathroom, bathing, attending to personal needs, dressing and hygiene.
• Ms. Moore and her husband enrolled Little Jerry in Lafayette in the fall of 2014, choosing that school over others because it provided a paraprofessional who would assist Little Jerry at all times, providing constant supervision to him, while also allowing him to interact with other children.
• Prior to attending Lafayette, Mr. and Mrs. Moore attended a meeting at the school to discuss Little Jerry's special needs, noting his poor coordination, spatial difficulties, and being prone to seizure disorders, for which he took medication.
• Mrs. Moore specifically advised the school that Little Jerry would need assistance with "going up and down the stairs because he did not like to look down while going down stairs."
• Mrs. Moore also told the school Little Jerry would raise his arms above his head while descending stairs.
• Ms. Lewis was assigned as Little Jerry's paraprofessional for the full year prior to the date of his injury at school.
• Mrs. Moore stated that, on August 19, 2015, she received a call from Ms. Lewis and immediately went to pick up Little Jerry at school.
• Mrs. Moore said that when she arrived, Little Jerry was being brought out of the school in a wheel chair, and she had to lift him and put him into her car in order to bring him home.
• Mrs. Moore noted that Little Jerry had swelling in the knees, left ankle, shoulder scratches, and a left swollen elbow.
Here, this competent, admissible evidence convinced the trial court that it was probable that the Moores would prevail at trial. First, Little Jerry left home for school on August 19, 2015, without any injuries. Lafayette knew Little Jerry had special needs and required 24-hour supervision, including during his time at school. While he was at school that day, Little Jerry was, in fact, supposed to be under the constant supervision by a paraprofessional who knew that Little Jerry needed special assistance. The school, through its agents and teachers, owed a duty of reasonable supervision over Little Jerry. See Wallmuth v. Rapides Parish Sch. Bd. , 01-1779, 01-1780 (La. 4/03/02), 813 So.2d 341, 346. The supervision required is reasonable, competent supervision appropriate to the age of the children and the attendant circumstances. Id. In essence, when the school accepts custody, it stands in the shoes of the parent regarding the authority to control the student while there; in turn, it must also assume the responsibility to supervise. Huey v. Caldwell Parish Sch. Bd. , 47,704, p. 6 (La. App. 2 Cir. 1/16/13), 109 So.3d 924, 928.
There is no dispute that when Little Jerry was injured, he was in the school's custody and control, where he was supposed to be receiving constant supervision based upon his special needs. On the same day he left for school, Mrs. Moore received a phone call from Ms. Lewis, and left to pick up Little Jerry at school. When Mrs. Moore arrived, Little Jerry was in a wheel chair, with swelling in the knees, left ankle, shoulder scratches, and a left swollen elbow. A week later, Little Jerry was diagnosed femoral neck fracture.
*41 With respect to the breach of duty issue, I would find that the risk of unreasonable injury was foreseeable, constructively or actually known, and preventable if the school had exercised the requisite degree of supervision. See Wallmuth , 01-1779, 01-1780, p. 8, 813 So.2d at 346.
The trial court properly found that the school and Ms. Lewis were liable for Little Jerry's injuries because, with knowledge that he had special needs and required constant care and supervision, the school and Ms. Lewis failed to protect Little Jerry from foreseeable harm.
ATKINS, J., DISSENTS AND ASSIGNS REASONS
I respectfully dissent. I would affirm the denial of the motion for new trial and the confirmation of the default judgment rendered by the district court. I find that the district court did not abuse its discretion in denying the motion for new trial and did not err in confirming the default judgment.
Although the majority's opinion finds there was no competent, admissible evidence to establish a prima facie case of negligence, I find that the affidavits and testimony of Ms. Moore and Mr. Moore, without considering hearsay evidence, is sufficient to support a finding of negligence and the confirmation of default judgment.
"In reviewing default judgments, the appellate court is restricted to determining the sufficiency of the evidence offered in support of the judgment." Habitat, Inc. v. Commons Condominiums, LLC , 2011-1384, p. 8 (La. App. 4 Cir. 7/11/12), 97 So.3d 1126, 1132 (citing Bordelon v. Sayer , 2001-0717, p. 3 (La. App. 3 Cir. 3/13/02), 811 So.2d 1232, 1235 ). "This determination is a factual one governed by the manifest error standard of review." Id. A court of appeal may not overturn a judgment of a trial court absent an error of law or a factual finding that was manifestly erroneous or clearly wrong. Stobart v. State, Dept. of Transp. and Development , 617 So.2d 880, 882, n. 2 (La. 1993).
At the hearing on the confirmation of default judgment, Plaintiffs offered the testimony and affidavits of Jerry and Anitra Moore.
Ms. Moore reported in her affidavit that her son Little Jerry was a thirteen-year-old, non-verbal child with Autism Spectrum Disorder ("ASD"). Although unable to communicate, Ms. Moore described Little Jerry as highly active and social. She explained that Little Jerry requires twenty-four-hour supervision when moving about the house, getting in and out of vehicles, traversing stairs, eating, using the bathroom, bathing, attending to personal needs, dressing and hygiene. Ms. Moore and her husband enrolled Little Jerry in Lafayette Academy in the fall of 2014, choosing that school over others because it provided a paraprofessional who would assist Little Jerry at all times, providing constant supervision to him while also allowing him to interact with other children. Prior to attending Lafayette Academy, Mr. and Ms. Moore attended a meeting at the school to discuss Little Jerry's special needs, noting his poor coordination, spatial difficulties, and being prone to seizure disorders, for which he took medication. Ms. Moore stated that she specifically advised the school that Little Jerry would need assistance with "going up and down the stairs because he did not like to look down while going down stairs." She explained that Little Jerry would also raise his arms above his head while descending stairs. Lafayette Academy indicated they had an experienced paraprofessional, and they assigned Lewis to supervise Little Jerry.
*42 In her affidavit, Ms. Moore reported that, on August 19, 2015, she received a call from Lewis and immediately had to pick up Little Jerry at school because he had fallen on the playground and was crying. Ms. Moore testified that Little Jerry was brought out of the school in a wheelchair and she had to lift him and put him into her car in order to bring him home. Because he is non-verbal, Little Jerry could not tell his mother what had occurred. Ms. Moore noted that Little Jerry had swelling in the knees, left ankle, shoulder scratches, and a left swollen elbow. Ms. Moore and her husband decided to take Little Jerry to a hospital, and Little Jerry was treated at the emergency room. Ms. Moore also attested that Ms. Lewis sent her photographs of the location where the accident occurred, the stairs near the school playground area. These photos were admitted into evidence.
Ms. Moore indicated in her affidavit that, after she and her husband took Little Jerry to the emergency room on August 19, 2015, he was sent home with a diagnosis of "right knee swelling" and "left shoulder swelling" but no testing was performed. She also testified that, at first, Little Jerry would not even stand and would "crawl around." After a few days, he would pull up and stand up while holding on to something. He would whine and cry but could not tell his parents what was wrong. She indicated that Little Jerry seemed agitated and in pain - he was also still exhibiting right knee and left shoulder swelling. On August 24, 2015, Mr. and Ms. Moore took Little Jerry back to the emergency room and a CT scan was performed which indicated a femoral neck fracture to the hip. Little Jerry was immediately admitted to the hospital for surgical hip repair.
Considering the aforementioned evidence, I find that Plaintiffs sufficiently supported their default judgment, based on a theory of general negligence, with competent, admissible evidence, and that Plaintiffs would prevail at trial. The majority is correct that neither Ms. Moore nor Mr. Moore were eyewitnesses to the accident, as neither was physically present at the time their son was injured. Furthermore, unlike most plaintiffs, Little Jerry is incapable of testifying to the circumstances that led to his injury. However, without considering hearsay evidence, the testimony of Mr. and Ms. Moore established that their son, Little Jerry, a thirteen-year-old, non-verbal, autistic child, was placed in the Defendants' custody and care on August 19, 2015; that Ms. Moore was required to pick him up from Lafayette Academy that afternoon after receiving a call from the school to do so; that Little Jerry was presented to her in a wheelchair and bore signs of physical injury; that Little Jerry was subsequently treated at the emergency room; and, upon a return trip to the hospital, medical professionals discovered that Little Jerry had sustained a femoral neck fracture, which required surgery and follow-up care.
The testimony and affidavits offered by Mr. and Ms. Moore also demonstrated that Defendants were placed on notice regarding Little Jerry's limitations and, in particular, that Little Jerry would need assistance using the stairs. Defendants, through its agents, failed to conform their conduct to an appropriate standard of care, in light of their assumed obligation in caring for a child with disabilities, therefore breaching the duty that they owed to Little Jerry. A school board, through its agents and teachers, is responsible for reasonable supervision over students. Wallmuth v. Rapides Parish School Bd. , 2001-1779, 2001-1780 (La. 04/03/02), 813 So.2d 341, 346 ; Adams v. Caddo Parish Sch. Bd. , 25,370 (La. App. 2 Cir. 1/19/94), 631 So.2d 70, 73. The supervision required is reasonable, *43 competent supervision appropriate to the age of the children and the attendant circumstances. Wallmuth , 2001-1779, 2001-1780 at p. 8, 813 So. 2d at 346. In essence, when the school accepts custody, it stands in the shoes of the parent regarding the authority to control the student while there; in turn, it must also assume the responsibility to supervise. Frederick v. Vermilion Parish Sch. Bd. , 2000-382, p. 4 (La. App. 3 Cir. 10/18/00), 772 So.2d 208, 212.. For a breach of a school's duty to adequately supervise the safety of students to be found, "the risk of unreasonable injury must be foreseeable, constructively or actually known, and preventable if a requisite degree of supervision had been exercised." S.J. v. Lafayette Parish Sch. Bd ., 2009-2195, p. 9 (La. 07/06/10), 41 So.3d 1119, 1125 ; Wallmuth, 2001-1779, 2001-1780 at p. 8, 813 So.2d at 346.
The risk of harm to Little Jerry was foreseeable, constructively or actually known to Defendants. Wallmuth , 2001-1779, 2001-1780 at p. 8, 813 So.2d at 346. Mr. and Ms. Moore's statements established that Defendants were aware that Little Jerry required assistance going up and down the stairs. Had Defendants exercise reasonable care in supervising Little Jerry, the incident could have been prevented.
I find that the district court did not err in confirming the default judgment. Additionally, I do not find that the default judgment was contrary to the law and the evidence and thus the district court did not abuse its discretion in denying the motion for new trial.

Lewis and the school set forth four assignments of error on appeal, as follows:
1. The trial court abused its discretion denying Defendants' Motion for a New Trial by not reviewing and considering, in a proper manner, all circumstances which contributed to Defendants' responsive pleadings not being filed prior to the confirmation of default judgment, and especially in light of general policy considerations weighing in Appellants' favor to allow them their day in court;
2. The trial court erred, as a matter of law, in confirming a default judgment where Plaintiffs did not make a prima facie case entitling Plaintiffs to judgment in their favor;
3. The trial court committed manifest error in rendering a default judgment that was contrary to the law and evidence presented; and
4. The trial court erred, as a matter of law, when it denied the motion for a new trial, as the judgment clearly did not apportion fault between the parties.

A motion for new trial is a non-appealable interlocutory judgment, which an appellate court may review as part of an unrestricted appeal from a final judgment. State ex rel. Dep't of Soc. Servs. v. Whittington , 2015-1118, p. 11 (La. App. 4 Cir. 5/18/16), 193 So. 3d 1234, 1241. A default judgment is generally a final, appealable judgment. See Habitat, Inc. v. Commons Condominiums, LLC , 2011-1384, p. 6 (La. App. 4 Cir. 7/11/12), 97 So.3d 1126, 1131. See also La. C.C.P. art. 2083(A) ("[a] final judgment is appealable in all causes in which appeals are given by law, whether rendered after hearing, by default, or by reformation under Article 1814").

Pursuant to La. C.C. art. 2315(A), "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."

This Court explained the personal knowledge requirement for affidavits as follows:
The affiant must affirmatively establish that he is competent to testify to the matters stated by a factual averment showing how he came by such knowledge. Barnes v. Sun Oil Co. , 362 So.2d 761, 763 (La. 1978). Personal knowledge means something the witness actually saw or heard, as distinguished from what he learned from some other person or source. Hibernia Nat. Bank v. Rivera , 07-962, pp. 8-9 (La. App. 5 Cir. 9/30/08), 996 So.2d 534, 539. The purpose of the requirement of "personal knowledge" is to limit the affidavit to facts which the affiant saw, heard, or perceived with his own senses. Id.
Parker , 2014-0232, p. 4, 151 So.3d at 682 (quoting Foundation Materials, Inc. v. Carrollton Mid-City Investors, L.L.C. , 2010-0542, p. 7 (La. App. 4 Cir. 5/25/11), 66 So.3d 1230, 1234-35 ).

Because we have decided this appeal on the basis that the evidence was insufficient to support the judgment, we do not reach Lewis' and the school's remaining arguments regarding the insurance carrier's inaction in appointing counsel to represent them or the lack of language in the judgment regarding apportionment of fault.