# STATE OF LOUISIANA
## COURT OF APPEAL
## FIRST CIRCUIT

## DOCKET NUMBER
## 2022 CA 0405

## STATE OF LOUISIANA, DIVISION OF ADMINISTRATION, OFFICE OF COMMUNITY DEVELOPMENT – DISASTER RECOVERY UNIT

## VERSUS

## JUDY HENDERSON A/K/A JUDY G. HENDERSON

Judgment Rendered: ___DEC 1 5 2022___

* * * * *

ON APPEAL FROM THE
22ND JUDICIAL DISTRICT COURT, DIVISION D
ST. TAMMANY PARISH, LOUISIANA
DOCKET NUMBER 2019-13421

HONORABLE JOHN KELLER, JUDGE PRESIDING

* * * * *

| | |
|---|---|
| Christopher H. Szeto<br>Ian G. Dunbar<br>New Orleans, Louisiana | Attorneys for Defendant-Appellant<br>Judy G. Henderson |
| John C. Walsh<br>Mary Catherine Cali<br>William J. Wilson<br>John C. Conine, Jr.<br>Baton Rouge | Attorneys for Plaintiff-Appellee<br>State of Louisiana, Division of<br>Administration, Office of<br>Community Development –<br>Disaster Recovery Unit |

BEFORE: McDONALD, McCLENDON, and HOLDRIDGE, JJ.

Holdridge J. dissents for Reasons assigned

McClendon, J. Concurs in The Result reached and assigns Reasons.

**McDONALD, J.**

A homeowner who received a federal grant after a hurricane appeals a default judgment against her and in favor of the state agency administering the grant program. After the appeal was lodged, the homeowner filed a peremptory exception pleading the objection of peremption[1] claiming the agency's suit against her was untimely. After review, we deny the exception and affirm the default judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

After Hurricanes Katrina and Rita in 2005, the U.S. Department of Housing and Urban Development awarded the State of Louisiana a Community Development Block Grant to assist affected homeowners in their efforts to reoccupy hurricane-damaged homes. The State of Louisiana, Division of Administration, Office of Community Development – Disaster Recovery Unit (OCD) administers the federal grant funds and created The Road Home Program through which it awarded grants to eligible homeowners.

Judy G. Henderson's residence in Chalmette, Louisiana, was damaged by Hurricane Katrina, and, on April 29, 2008, she received a Road Home grant in the amount of $33,142.42. In consideration for the grant, Ms. Henderson signed several documents: a Road Home Grant Agreement (RH Agreement), a Road Home Declaration of Covenants Running with the Land, and a Road Home Grant Recipient Affidavit (sometimes, collectively, RH documents). In these RH documents, Ms. Henderson agreed to and acknowledged certain obligations of the Road Home Program in exchange for her receipt of the Road Home grant. Pertinently, Ms. Henderson agreed to occupy her Chalmette house as her primary residence within three years of April 29, 2008 (the date of the RH Agreement), and if she did not, she would be required to repay the Road Home grant. According to the RH Agreement, Ms. Henderson's obligation to reoccupy the house was a "material consideration" without which she, as an affected homeowner, would have received a lesser amount under the Road Home Program.

---

[1] Louisiana Code of Civil Procedure article 922 recognizes only three exceptions: the declinatory exception, the dilatory exception, and the peremptory exception. In this case, a peremptory exception pleading the objection of peremption is at issue. *See* La. C.C.P. art. 927. Herein, for brevity, we refer to that exception as an exception of peremption.

On June 28, 2012, over four years after Ms. Henderson signed the RH documents, OCD received a Road Home Compliance and Monitoring Form[2] from her, wherein she stated that she was not currently occupying the Chalmette house because St. Bernard Parish had demolished it. In an attached, undated, handwritten document, Ms. Henderson explained that she had the necessary permits to reconstruct the house, but St. Bernard Parish "tore it down by mistake." She further explained that she used the "repair money" intended for Chalmette house to purchase the house in which she then lived in Madisonville, Louisiana. She also indicated that the Chalmette house was "in the hands of an attorney" and had been for several years.

In response, by letter dated July 17, 2012, OCD informed Ms. Henderson that more documentation was needed. After receiving no response, OCD thereafter, between August 2013 and February 2014, sent Ms. Henderson three additional letters requesting that she provide documentation showing her compliance with her Road Home Program obligations. In these three letters, OCD reminded Ms. Henderson that her failure to provide the documentation would possibly subject her to repayment of the Road Home grant. In September 2017, OCD's attorney sent Ms. Henderson another letter, explaining that, to avoid legal action, she should provide compliance documentation or call the attorney to set up a grant repayment plan. Ms. Henderson did not respond.

On July 3, 2019, OCD filed suit against Ms. Henderson to recoup the Road Home grant funds. On July 22, 2019, Ms. Henderson apparently called OCD's attorney's office claiming she was a member of a class action lawsuit against St. Bernard Parish for wrongful demolition of her Chalmette house and that she had received a favorable ruling in that suit. By letter dated October 16, 2019, OCD's attorney requested additional documentation regarding the alleged lawsuit. OCD's attorney also enclosed a flyer explaining options for reclassifying the Road Home grant funds Ms. Henderson received, if certain circumstances may have prevented her from complying with her Road Home obligations. After Ms. Henderson failed to substantiate her claim, and after another letter from OCD's attorney asking for compliance documentation, OCD filed a motion for

---

[2] The form is dated-stamped "RECEIVED JUN 28 2012," and, in his affidavit to which the form is attached, Jeff Haley attests OCD received the form on June 28, 2012.

3

preliminary default against her in January 2021, which the trial court granted. In November 2021, OCD sought to confirm the default judgment. On November 18, 2021, the trial court signed a default judgment against Ms. Henderson and in favor of OCD for $33,142.42, plus interest and costs.

Ms. Henderson appealed from the adverse judgment. After the appeal was lodged, she filed an exception of peremption[3] with this court, contending OCD's claims against her were perempted under La. R.S. 9:2772, a statute providing a five-year peremptive period for certain types of construction contracts. OCD opposed the exception. We first consider the issue of peremption as such determines whether we reach the merits of Ms. Henderson's appeal.

## FIVE-YEAR PEREMPTION UNDER LA. R.S. 9:2772

Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period. La. C.C. art. 3458; *Rover Group, Inc. v. Clark*, 18-1576 (La. App. 1 Cir. 12/12/19), 291 So.3d 699, 705, *writ denied*, 20-00101 (La. 3/9/20), 294 So.3d 481. An appellate court may consider a peremptory exception of peremption filed for the first time in that court, if pleaded prior to a submission of the case for a decision, and if proof of the ground of the exception appears of record. La. C.C.P. art. 2163; *State Bd. of Ethics v. Ourso*, 06-1467 (La. App. 1 Cir. 6/8/07), 964 So.2d 1059, 1062, *writ denied*, 07-1387 (La. 10/5/07), 964 So.2d 941. The judiciary is required to construe peremption statutes strictly against peremption; of possible constructions, we are required to adopt the one that maintains enforcement of the claim, rather than one that bars enforcement. *Whitney Bank v. Rayford*, 21-0406 (La. App. 1 Cir. 12/9/21), 332 So.3d 1243, 1250-51.

Ms. Henderson claims that her RH Agreement with OCD is a "construction contract" within the meaning of La. R.S. 9:2772, and, as such, is subject to five-year peremption. Specifically, she points out that the RH Agreement required that she reoccupy her Chalmette house as her primary residence within three years of April 29, 2008. She

---

[3] An exception of peremption is the proper pleading by which to plead the objection of peremption. *See* La. C.C.P. art. 927. Ms. Henderson erroneously captioned her *exception* of peremption as a *motion* for peremption. However, a pleading is governed by its substance rather than its caption, and we construe the pleading for what it really is, not for what it is erroneously designated. *Bihm v. Deca Systems, Inc.*, 16-0356 (La. App. 1 Cir. 8/8/17), 226 So.3d 466, 473, n.3

4

contends that: (1) to re-occupy the house, the RH Agreement necessarily required that she rebuild the house; (2) to rebuild the house necessarily required "some form of construction;" and, (3) as such, the RH Agreement is a "construction contract" within the meaning of La. R.S. 9:2772. She then contends that, under La. R.S. 9:2772(A)(1)(b), the five-year peremptive period began on June 28, 2012, the date OCD received her Road Home Compliance and Monitoring Form and attached letter, wherein she indicated that she had the necessary permits to reconstruct the Chalmette house, but St. Bernard Parish had torn it down. According to Ms. Henderson, she proved "possession" of the Chalmette house by obtaining the permits to reconstruct the house. Thus, she claims, OCD's claim was perempted on June 28, 2017, and OCD's suit against her, filed on July 3, 2019, was untimely.

In opposition, OCD argues La. R.S. 9:2772's five-year peremptive period does not apply, because its RH Agreement with Ms. Henderson is not a construction contract. OCD argues that Ms. Henderson's obligation to "re-occupy" the Chalmette house does not equate to an obligation to "rebuild" the house. Further, OCD argues that, even if La. R.S. 9:2772's peremptive period applies, Ms. Henderson has pointed to no record evidence showing when the peremptive period began.

Louisiana Revised Statutes 9:2772 pertinently provides:

A. Except as otherwise provided in this Subsection, **no action ... arising out of an engagement of** planning, construction, design, or **building immovable** or movable **property ... shall be brought** against any person performing or furnishing land surveying services, as such term is defined in R.S. 37:682, including but not limited to those services preparatory to construction, or **against any person performing** or furnishing the design, planning, supervision, inspection, or observation of construction or **the construction of immovables, or improvement to immovable property** ... :

(1)(a) More than five years after the date of registry in the mortgage office of acceptance of the work by owner.

(b) If no such acceptance is recorded within six months from the date the owner has **occupied or taken possession of the improvement, in whole or in part, more than five years after the improvement has been thus occupied by the owner.** (Emphasis added.)

After a thorough review, we need not decide if Ms. Henderson's RH Agreement with OCD is the type of contract to which La. R.S. 9:2772's five-year peremptive period applies. Even if La. R.S. 9:2772 were to apply, OCD correctly points out that proof of

5

peremption does not appear of record. *See* La. C.C.P. art. 2163. Under La. R.S. 9:2772(A)(1)(b), the peremptive period is determined by whether the owner records acceptance of the work. If acceptance of the work is recorded within six months of occupancy, the peremptive period begins on the date the acceptance is recorded; if no acceptance is recorded, the peremptive period begins on the date of the owner's occupancy or possession. *See Beverly Construction, L.L.C. v. Wadsworth Estates, L.L.C.,* 19-0911 (La. App. 1 Cir. 2/26/20), 300 So.3d 1, 6.

Here, the record does not contain evidence of the acceptance of some type of work. Rather, Ms. Henderson claims her act of obtaining permits from St. Bernard Parish to reconstruct the Chalmette house constitutes an act of possession that triggered the running of the five-year peremptive period at least as of June 28, 2012, the date OCD received her Road Home Compliance and Monitoring Form and attached letter. In support of her argument, Ms. Henderson relies on this court's opinion in *Beverly Construction,* 300 So.3d at 9-10, wherein this court held that an owner's letter requesting a zoning change to property from a parish planning department was an "exercise of dominion" over property that equated to possession sufficient to trigger La. R.S. 9:2772's peremptive period.

The present case, however, is distinguishable from *Beverly Construction*; there, the record contained an actual copy of the property owner's dated letter requesting the zoning change, and there was no dispute that the property owner had actually sought the change, and there was no dispute as to the date of the property owner's request. *Beverly Construction,* 300 So.3d at 7-8. In the present case, the record contains no evidence of the date Ms. Henderson obtained the alleged permits from St. Bernard Parish. The undated documentation she sent to OCD does not include dated copies of permit applications to St. Bernard Parish, or dated reconstruction permits she actually obtained from St. Bernard Parish, or even a statement by Ms. Henderson specifying the date she obtained the permits. *Compare Stone v. Cannon & Cannon Construction, LLC,* 12-0322 (La. App. 1 Cir. 1/8/13), 2013 WL 85248, *2 (unpublished opinion) (finding the trial court did not err in granting an exception of peremption when the record evidence established the date the owner began to occupy the building where construction/renovation work

6

had been performed). Without record evidence of the permit dates, and mindful of our duty to interpret La. R.S. 9:2772 strictly against peremption, and in favor of maintaining enforcement of the claim, we reject Ms. Henderson's unproven contention that obtaining permits was an act of possession that triggered the running of peremption. *See Whitney Bank*, 332 So.3d at 1250-51. Accordingly, we do not decide the applicability of La. R.S. 9:2772's five-year peremptive period to this case[4] and deny Ms. Henderson's exception of peremption on the showing made.[5]

## VALIDITY OF DEFAULT JUDGMENT

On appeal, Ms. Henderson's single assignment of error is that the trial court erred in granting the preliminary default against her. However, the substance of her brief reveals that she actually challenges the *confirmation* of the preliminary default, not merely the *grant* of the preliminary default, which is actually not a judgment at all. *See* former La. C.C.P. art. 1701 – 2017 Comments, Comment (a).[6] Thus, based on Ms. Henderson's substantive arguments, we review the trial court's final default judgment confirming the preliminary default against her. *See United Most Worshipful King George's Grand Lodge A.F. & A. Masons v. Lewis*, 21-1326 (La. App. 1 Cir. 4/8/22), 342 So.3d 36, 38, n.5 (noting that the court would determine the substance of the appellant's arguments, although not properly raised). Ms. Henderson essentially argues the trial court erred in rendering the final default judgment against her, because OCD's proof of the demand was insufficient to establish a prima facie case. She argues the affidavit of

---

[4] Because the record contains inadequate proof of peremption, we also need not address the parties' arguments regarding the concept of a "construction contract" as used in La. R.S. 9:2780.1(A)(2)(a) or as interpreted in cases applying La. C.C. art. 2756. Nor do we discuss the jurisprudential "three factor test" used to determine if a contract is a "construction contract." *See, e.g., Law Enforcement District of Jefferson Parish v. Mapp Construction, LLC,* 19-543 (La. App. 5 Cir. 5/29/20), 296 So.3d 1260, 1267-68.

[5] We do note, however, that the Fourth Circuit has recently rejected the applicability of La. R.S. 9:2772's five-year peremptive period in a Road Home Program breach of contract case, finding the homeowner was not a licensed land surveyor as referenced in La. R.S. 9:2772. *State v. Porter,* 22-0250 (La. App. 4 Cir. 9/7/22), ___ So.3d ___, 2022 WL 4091995, *3. We also note that other circuits have applied a ten-year prescriptive period in similar Road Home Program breach of contract cases. *See Division of Administration, Office of Community Development,* 22-0048 (La. App. 4 Cir. 7/13/22), ___ So.3d ___, 2022 WL 2712462, *2; *State v. Styron,* 19-874 (La. App. 3 Cir. 7/1/20), 304 So.3d 563, 567; and, *State v. Billings,* 19-618 (La. App. 3 Cir. 2/19/20), 2020 WL 837342, *5. And, in *State v. Zanders,* 21-0336 (La. App. 1 Cir. 12/22/21), 339 So.3d 1194, 1199, this court cites to La. C.C. art. 3499's ten-year prescriptive period in a Road Home Program breach of contract case and finds the trial court did not err in ruling on a motion for summary judgment without first conducting a hearing on the homeowners' exception of prescription and peremption.

[6] The law pertaining to default judgments was recently amended. *See* 2021 La. Acts, No. 174. However, the amended law applies only to default judgments rendered on or after January 1, 2022. 2021 La. Acts No. 174, §7(A). Thus, in this appeal, we apply prior default judgment law to the November 18, 2021 default judgment rendered against Ms. Henderson.

Jeff Haley, OCD's Chief Operating Officer, fails to show he had personal knowledge required to substantiate his statements, and as a result, his affidavit and the exhibits attached to it, are not competent evidence sufficient to support a default judgment.

Under applicable law, a preliminary default must be confirmed by proof of the demand sufficient to establish a prima facie case. La. C.C.P. art. 1702(A) (prior to its amendment by 2021 La. Acts No. 174, §5). When a demand is based upon a conventional obligation, affidavits and exhibits annexed thereto that contain facts sufficient to establish a prima facie case shall be admissible, self-authenticating, and sufficient proof of such demand. La. C.C.P. art. 1702(B)(1).[7] Confirmation of a preliminary default is similar to a trial at which the defendant is absent. The plaintiff is required to present admissible and competent evidence establishing a prima facie case, proving both the existence and the validity of the claim. *Arias v. Stolthaven New Orleans, LLC,* 08-1111 (La. 5/5/09), 9 So.3d 815, 820. Except as provided by law, inadmissible evidence may not support a default judgment. *Id.* Thus, hearsay evidence is not admissible in a proceeding to confirm a default judgment, unless it falls within a hearsay exception or is expressly authorized by La. C.C.P. art. 1702. *Barnett v. State Dep't of Health & Hospitals,* 15-0633 (La. App. 1 Cir. 11/9/15), 2015 WL 6951294, *2.

Generally, affidavits must be based upon the affiant's personal knowledge.[8] *See* La. C.E. art. 602; *Parker v. Schneider,* 14-0232 (La. App. 4 Cir. 10/1/14), 151 So.3d 679, 682. With regard to business records, however, the hearsay rule does not exclude records of regularly conducted business activity, even though the declarant is available as a witness. *See* La. C.E. art. 803(6).[9] A party who seeks to admit written hearsay

---

[7] The recent amendments to the laws pertaining to default judgments made no change to the text of La. C.C.P. art. 1702(B)(1).

[8] Some of the cases referenced in this opinion deal with affidavits submitted in a summary judgment context, rather than a default judgment context. In both instances, the affiant must have personal knowledge. La. C.E. art. 602 and La. C.C.P. art. 967.

[9] Louisiana Code of Evidence article 803(6) pertinently provides:

> **Records of regularly conducted business activity.** A memorandum, report, record, or data compilation, in any form, including but not limited to that which is stored by the use of an optical disk imaging system, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if made and kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make and to keep the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of

8

evidence under La. C.E. art. 803(6) must authenticate it by a qualified witness. The witness laying the foundation for the admissibility of business records does not have to be the preparer of the records. A qualified witness only needs to be familiar with the record-keeping system of the entity whose business records are sought to be introduced. The custodian of the record or other qualified witness must explain the entity's record-keeping procedures, and, thus, lay a foundation for the admissibility of the records. *Brilliant National Services, Inc. v. Travelers Indemnity Company*, 21-1472 (La. App. 1 Cir. 9/7/22), ___ So.3d ___, 2022 WL 4092530, *12, *citing Midland Funding, LLC v. Stack*, 20-1310 (La. App. 1 Cir. 10/21/21), 2021 WL 4901976, *2 (unpublished), *writ denied*, 22-00038 (La. 3/2/22), 333 So.3d 833.

There is a presumption that a default judgment is supported by sufficient evidence, but the presumption may be rebutted by the record upon which the judgment is rendered. *Arias*, 9 So.3d at 820. In reviewing default judgments, an appellate court is restricted to determining the sufficiency of the evidence offered in support of the judgment. The trial court's conclusion regarding the sufficiency of the evidence is a factual issue governed by the manifest error standard of review, which requires great deference to the trial court's factual findings. *Id.* at 818; *Albe v. Chavira*, 18-1482 (La. App. 1 Cir. 7/18/19), 2019 WL 3241986, *2 (unpublished).

We have reviewed Mr. Haley's affidavit and the exhibits attached to it. In his affidavit, Mr. Haley attests that he is OCD's Chief Operating Officer and that he has care, custody, and access to Ms. Henderson's Road Home grant file and is familiar with the file. He then identifies 15 documents pertaining to Ms. Henderson's file that are contained in OCD records, including the RH documents, all signed by Ms. Henderson. He attests that the documents were furnished by someone with knowledge who routinely acts on OCD's behalf and that the documents were entered into OCD records at or near the time of the transactions or events. He attests that Ms. Henderson applied to the Road Home Program, received $33,142.42 in grant funds, executed documents obligating herself to

---

preparation indicate lack of trustworthiness. This exception is inapplicable unless the recorded information was furnished to the business either by a person who was routinely acting for the business in reporting the information or in circumstances under which the statement would not be excluded by the hearsay rule.

occupy her Chalmette house within three years or to remit the entire grant amount, and had failed to submit documentation demonstrating compliance with her Road Home obligations. Mr. Haley then states that OCD is entitled to repayment of the Road Home grant from Ms. Henderson. Finally, Mr. Haley attests, "This affidavit is based upon Affiant's personal knowledge, information, and belief, and the business records maintained by [OCD] in the ordinary course of conducting its business."

Although Mr. Haley did not prepare the OCD business records at issue, he is OCD's chief operating officer and has "care, custody, and access" to OCD's business records. He is familiar with OCD's record-keeping procedures as well as Ms. Henderson's particular Road Home file. A qualified witness only needs to be familiar with the record-keeping system of the entity whose business records are sought to be introduced. *Midland Funding, LLC,* 2021 WL 4901976 at *2. *See Regions Bank v. La. Pipe & Steel Fabricators, LLC,* 11-0839 (La. App. 1 Cir. 12/21/11), 80 So.3d 1209, 1213 (noting the affiant need not show he personally prepared the business records nor that he had direct, independent, first-hand knowledge of their contents).

Importantly, on appeal, Ms. Henderson does not contest the facts shown by the OCD business records attached to Mr. Haley's affidavit. Those OCD business records substantiate Ms. Henderson's agreement to the Road Home obligations, her receipt of $33,142.42 in grant funds, her handwritten admission that she did not occupy the Chalmette house within the required time, and her failure to comply with her Road Home obligations, despite OCD's repeated notices to do so. There is no indication of untrustworthiness in the preparation, collection, or entry of the OCD business records pertaining to Ms. Henderson's Road Home file. *See* La. C.E. art. 803(6) (stating that the business records exception applies "unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.") Thus, Mr. Haley's affidavit attestations are supported by the very documents he references in the affidavit and are not contradicted by other evidence. *See Regions Bank,* 80 So.3d at 1213. *Also see Schexnaildre v. State Farm Mut. Auto. Ins. Co.,* 15-0272 (La. App. 1 Cir. 11/9/15), 184 So.3d 108, 117 (noting that our courts have previously recognized that an affiant's status as an executive of a company demonstrates some competency to testify about

10

basic information concerning the company, particularly where that information is not contradicted by any other evidence).

Based on the above, we find the record in this case does not rebut the presumed sufficiency of OCD's evidence. *Arias,* 6 So.3d at 820. Accordingly, we conclude the trial court did not manifestly err in concluding that OCD presented sufficient proof to establish a prima facie case for confirmation of the default judgment against Ms. Henderson. *Id.* at 818. That is, the trial court did not manifestly err in concluding that Mr. Haley's affidavit and the evidence submitted therewith were admissible and competent evidence establishing both the existence and validity of OCD's claims against Ms. Henderson. *See Id.* at 820; *Albe,* 2019 WL 3241986 at *2.

## CONCLUSION

We deny the exception of peremption filed by Judy G. Henderson. We affirm the November 18, 2021 default judgment against Ms. Henderson and in favor of the OCD for $33,142.42, plus interest and costs. We assess costs of the appeal to Judy G. Henderson.

**EXCEPTION DENIED; JUDGMENT AFFIRMED.**

11

STATE OF LOUISIANA,
DIVISION OF ADMINSITRATION,
OFFICE OF COMMUNITY
DEVELOPMENT-DISASTER
RECOVERY UNIT

VERSUS

JUDY HENDERSON A/K/A
JUDY G. HENDERSON

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2022 CA 0405



**HOLDRIDGE, J., dissenting.**

I respectfully dissent. The majority opinion is in error in two major areas. The appellant has filed with this court an exception raising the objection of peremption. La. C.C.P. art. 927(A)(2). The appellant argues that any action against Ms. Henderson is extinguished by the five-period preemptive period. La. C.C. art. 3458; La. R.S. 9:2772. The majority opinion finds that it is not required to determine if the cause of action against Ms. Henderson is perempted and does not exist because the record contains no evidence of the dates Ms. Henderson obtained the alleged permits from St. Bernard Parish. See Beverly Constr., L.L.C. v. Wadsworth Estates, L.L.C., 2019-0911 (La. App. 1 Cir. 2/26/20), 300 So.3d 1 (wherein this court held that a property owner's letter seeking a zoning change began the running of the peremption period under La. R.S. 9:2772.) While I am not certain if La. R.S. 9:2772 applies in this case, it is definitely error for this court not to remand this matter to the trial court so that evidence can be produced to determine if the cause of action is perempted and no longer exists. See La. C.C.P. art. 2163-64. To allow a party to obtain a default judgment on a cause of action that is perempted is unconscionable. If a cause of action is perempted, it is forever lost. See La. C.C. art. 3458, Revision Comments - 1982(b). A default judgment cannot be obtained on a cause of action that does not exists. Even if the majority is not interested in determining if the cause of action that is the basis of the default judgment exists, I would find that the appellee failed to present a prima facie case by competent and admissible

evidence to entitle a default judgment being granted. Louisiana Code of Civil procedure article 1702(A)(1) provides:

> If a defendant in the principal or incidental demand fails to answer or file other pleadings within the time prescribed by law or by the court, and the plaintiff establishes a prima facie case by competent and admissible evidence that is admitted on the record, a default judgment in favor of the plaintiff may be rendered, provided that notice that the plaintiff intends to obtain a default judgment is sent if required by this Paragraph, unless such notice is waived. The court may permit documentary evidence to be filed in the record in any electronically stored format authorized by the local rules of the district court or approved by the clerk of the district court for receipt of evidence.

The only witness for the appellee stated in his affidavit "[a]ffiant states that the information attached was furnished by someone with knowledge who routinely acts on behalf of OCD-DRU in reporting the information."

If this information is competent evidence to obtain a default judgment, then all defaults would have to be granted if the plaintiff either presents an affidavit or testifies in court at a default judgment hearing that an unknown "someone with knowledge" told him the facts necessary to obtain the default judgment were correct. This court cannot evaluate the admissibility of evidence told to the affiant by "someone." Clearly, the mandates of La. C.C. art. 1702 require "competent and admissible testimony" and the testimony and affidavit of Mr. Haley contain neither.

# STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

### 2022 CA 0405

### STATE OF LOUISIANA, DIVISION OF ADMINISTRATION, OFFICE OF COMMUNITY DEVELOPMENT-DISASTER RECOVERY UNIT

### VERSUS

### JUDY HENDERSON A/K/A JUDY G. HENDERSON

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**McClendon, J., concurring.**

I do not find LSA-R.S. 9:2772 to be applicable to the facts presented and concur in the result reached by the majority.